UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

CHRISTOPHER SPIDER a/k/a “House”,
JESUS SALAMO-ROCHE, and
LANCE BRUNSTING,

Defendant.

CR 23-40100

NOTICE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

Pursuant to Federal Rule of Evidence 404(b), the United States provides the Defendants and the Court with notice in advance of trial of evidence it intends to offer regarding prior acts of the Defendant Christopher Spider a/k/a “House”. At trial, in its case in chief or in rebuttal, the United States intends to offer evidence regarding the defendant’s prior convictions related to conspiracy to distribute a controlled substance.

A. Evidence of prior conduct.

The Government intends to offer copies of certified judgments of conviction for Mr. Spider’s prior federal convictions. Specifically, for Mr. Spider’s prior convictions for conspiracy to distribute a controlled substance (methamphetamine). Mr. Spider plead guilty to these crimes on April 12, 2011, and May 5, 2015. The case numbers for these convictions are CR 10-30087 and CR 15-30003. Both convictions originating out of the District of South Dakota, Central Division. In his 2011 federal conviction for conspiracy to distribute a controlled substance, Mr. Spider was sentenced on July 7, 2011, to 48 months

imprisonment. For his 2015 federal conviction for conspiracy to distribute a controlled substance, Mr. Spider was sentenced on September 9, 2015, to 39 months imprisonment. Both federal convictions were related to Mr. Spider's conspiracy to distribute methamphetamine.

B. Legal analysis.

Rule 404(b) of the Federal Rules of Evidence permits the admission of evidence of other crimes or similar acts of the defendant if the evidence is relevant to establish motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. This evidence is admissible if it: (1) is relevant to a material issue, (2) is similar in kind and close in time to the charged crime, (3) is proven by a preponderance of the evidence, and (4) does not have a prejudicial effect that substantially outweighs its probative value. *United States v. Ali*, 616 F.3d 745, 752-53, *citing United States v. Turner*, 583 F.3d 1062, 1065-66 (8th Cir. 2009). The Eighth Circuit Court of Appeals has held on a number of occasions that Rule 404(b) is a rule of inclusion, and the district court has broad discretion to admit Rule 404(b) evidence. *United States v. Cotton*, 823 F.3d 430, 434 (8th Cir. 2016). The district court does not abuse that discretion unless the evidence clearly has no bearing on any other issue involved and was introduced only to prove the defendant's propensity to commit criminal acts. *United States v. Buckner*, 868 F.3d 684, 687 (8th Cir. 2017).

"[P]rior convictions are relevant to the material issue of [a defendant's] state of mind." *United States v.* Davis, 867 F.3d 1021, 1029 (8th Cir. 2017) (quoting *United States v. Horton*, 756 F.3d 569, 579 (8th Cir. 2014). "'When a

defendant raises the issue of mental state . . . by means of a general denial that forces the government to prove every element of its case, prior bad acts evidence is admissible because mental state is a material issue.'" *United States v. Jackson*, 856 F.3d 1187 (8th Cir. 2017), *quoting United States v. Thomas*, 58 F.3d 1318, 1322 (8th Cir. 1995). "[E]vidence of prior possession of drugs, even in an amount consistent only with personal use, is admissible to show such things as knowledge and intent of a defendant charged with a crime in which intent to distribute drugs is an element." *United States v. Jackson*, 278 F.3d 769, 771 (8th Cir. 2002) (quoting *United States v. Logan*, 121 F.3d 1172, 1178 (8th Cir.1997)).

In the instant case, the Defendant is charged by Indictment with conspiracy to distribute methamphetamine. The Government's evidence at trial will show that the defendant was involved in a conspiracy and that he was an active participant in distributing methamphetamine throughout central South Dakota.

The Government asserts that the evidence of these prior convictions for conspiracy to distribute a controlled substance (methamphetamine) would be admissible under multiple prongs of Rule 404(b) to show absence of mistake, lack of accident, and most importantly intent and knowledge. The Eighth Circuit Court of Appeals has repeatedly held that Rule 404(b) evidence is admissible in a drug case where a Defendant makes a general denial to his charges, thus placing his knowledge and intent at issue. *See United States v. Ellis*, 817 F.3d 570, 579-80 (8th Cir. 2016) (citing *United States v. Thomas*, 58 F.3d 1318, 1321 (8th Cir. 1995); *United States v. Gipson*, 446 F.3d 828, 831 (8th Cir. 2006).

Spider's convictions are similar in kind and are not too remote. Spider is charged in the present case with conspiracy to distribute methamphetamine. His prior convictions are for the same. In his 2011 conviction, Mr. Spider was placed into custody for a term of 48 months. He was released from custody and placed on supervised release for a term of two years on November 4, 2013. With regards to his 2015 conviction, Mr. Spider was sentenced to 39 months in custody. He was released from custody and placed on supervised release on January 19, 2018, for a term of two years. "To determine if evidence is too remote, the court applies a reasonableness standard and examines the facts and circumstances of each case." *Ibid.* (citing *United States v. Strong*, 415 F.3d 902, 905 (8th Cir. 2005)). The Eighth Circuit "has been reluctant to uphold the introduction of evidence relating to acts or crimes which occurred more than thirteen years prior to the conduct challenged." *Ibid.* (citing *Strong*, 415 F.3d at 905). However, "the 13-year rule does not apply where the defendant spent part of that time in prison." *Ibid.* (citing *United States v. Halk*, 634 F.3d 482, 488-89 (8th Cir. 2011)). Spider's convictions are certainly within the 13-year timeframe with his alleged conduct taking place in 2023.

As to the balancing inquiry under Rule 403, the United States submits that the probative value of the evidence sought to be admitted, as outlined above, outweighs any danger of unfair prejudice. Additionally, any risk of unfair prejudice from the evidence could be mitigated if the court gave a limiting instruction to the jury about the permissible use of 404(b) evidence.

As such, the Government requests that it be allowed to present evidence of the Defendant Christopher Spider's prior convictions related to conspiracy to distribute a controlled substance – methamphetamine.

Dated and filed this 10th day of February, 2025.

ALISON J. RAMSDELL
United States Attorney

/s/ Paige Petersen
Paige Petersen
Assistant United States Attorney
P.O. Box 2638
Sioux Falls, SD 57101-2638
Telephone: (605)357-2361
Facsimile: (605)330-4410
E-Mail: paige.petersen@usdoj.gov