UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER SPIDER,<br><br>Defendant. | 23-CR-40100<br><br>MEMORANDUM OF LAW IN SUPPORT OF SECOND SET OF MOTIONS IN LIMINE |

The government seeks to admit into evidence at trial Christopher Spider's two past convictions for conspiracy to distribute a controlled substance. These convictions are from April 12, 2011 and May 5, 2025. The government seeks to do this under Fed. R. Evid. 404(b).

Federal Rule of Evidence 404(b) states:

> (b) OTHER CRIMES, WRONGS, OR ACTS.
> (1) Prohibited Uses. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> (2) Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.
> (3) Notice in a Criminal Case. In a criminal case, the prosecutor must:
> (A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
> (B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
> (C) do so in writing before trial—or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

.

Fed, R. Evid. 403 must also be looked at when an attempt is made to introduce into evidence a defendant's past convictions. Fed. R. Evid. 403 states:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

The main reason the government wants to admit these convictions is to prove Spider's character. They want to show that he is a bad person. In addition, they want to show that in the past he was involved in the distribution of controlled substances and must be guilty here. This is prohibited by Rule 404(b)(1).

The admission of these past convictions cannot be admitted under Rule 404(b)(2). They do not show motive, opportunity, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. All they show is that Spider was convicted of these offenses. No facts have been disclosed that meet the requirements of this rule to be admitted.

The government argues that United States v. Buckner, 868 F.3d 684 (2017) allows for the admission into evidence of these convictions. However, Buckner was a case where the defendant was charged with being a felon in possession of a firearm. The court stated in Buckner at 689-690:

> We have expressly approved the use of Rule 404(b) evidence of prior possession of a firearm to show knowledge and intent to possess at a later occasion in a felon in possession prosecution. Most notably, in United States v. Strong, we observed that "[t]he case law in this and other circuits establishes clearly the logical connection between a convicted felon's knowing possession of a firearm at one time and his knowledge that a firearm is present at a subsequent time (or, put differently, that his possession at the subsequent time is not mistaken or accidental)." 415 F.3d at 905 (quoting United States v. Jernigan, 341 F.3d 1273, 1281 (11th Cir. 2003)).

Spider is not charged with illegally possessing a firearm.

The government also cites United States v. Jackson, 856 F.3d 1187 (2017) in support of their attempt to admit into evidence Spider's two previous convictions. However, Jackson involved testimony about prior drug activity on the part of the defendant. No convictions were entered into evidence. The court in Jackson at 1191 stated:

> Kemp similarly challenges that Jones's testimony regarding his and Kemp's prior drug use was not relevant for any Rule 404(b) purpose. However, this circuit allows the admission of evidence under Rule 404(b) concerning prior drug use. United States v. Williams, 895 F.2d 1202, 1205 (8th Cir. 1990). Jones's testimony relates to the same material issues of Kemp's mental state that also supported the admissibility of Officer Blomgren's testimony. *See* United States v. Armijo, 834 F.2d 132, 135-36 (8th Cir. 1987) (observing that prior drug use helps establish motive, intent, and lack of accident regarding alleged participation in conspiracy).

In Spider's case, the government is not seeking to introduce evidence of drug use. They are seeking to introduce evidence of past convictions. This is not what Jackson allowed.

Last, any probative value of Spider's past conviction is clearly outweighed by the prejudice and confusion of the issues. The jury may very well conclude if you were convicted twice before, you are guilty in this case too. Plus, it will confuse the jury as to what the issue is in this case. They may be misled into thinking the present conspiracy is part of the past conspiracy. Therefore, the court should exclude evidence of these convictions under Fed. R. Evid. 403.

## CONCLUSION

For the reasons stated here, the government should not be able to admit into evidence Spider's past convictions.

Dated this 17th day of February 2025.

/s/ Michael W. Hanson
Michael W. Hanson
Attorney for Defendant
505 W 9th St, Ste 100
Sioux Falls, SD 57104
(605) 332-8227
mikelawsfsd@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of February 2025, I served upon the individuals listed below by electronic filing, a true and correct copy of the foregoing Memorandum of Law in Support of Second Set of Motions in Limine and this Certificate of Service:

Assistant U.S. Attorney Paige Petersen at paige.petersen@usdoj.gov

James Eirinberg at jeirin@midco.net

Sonny Walter at dwalter@midco.net

/s/ Michael W. Hanson
Michael W. Hanson
Attorney for Defendant
505 W 9th St, Ste 100
Sioux Falls, SD 57104
(605) 332-8227
mikelawsfsd@yahoo.com