UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER SPIDER, aka "House,"<br>JESUS SALAMO-ROCHE, and<br>LANCE BRUNSTING,<br><br>Defendant. | 23-CR-40100<br><br>CHRISTOPHER SPIDER'S PROPOSED JURY INSTRUCTIONS |

Attorney for United States: Mark Hodges
Assistant United States Attorney
PO Box 2638
Sioux Falls, SD 57101-2638

Attorney for Defendant Spider: Michael W. Hanson
505 W 9th St, Ste 100
Sioux Falls, SD 57104

Attorney for Defendant Salamo-Roche: James A, Eirinberg
300 N Dakota Ave, Ste 509
Sioux Falls, SD 57104

Attorney for Defendant Brunsting: Sonny Walter
335 N Main Ave, Ste 230
Sioux Falls, SD 57104

Comes now the defendant, Christopher Spider, proposes the following proposed jury instructions numbered 1 through 15.

Dated this 27th day of February 2025.

/s/ Michael W. Hanson
Michael W. Hanson
Attorney for Defendant
505 W 9th St, Ste 100
Sioux Falls, SD 57104
(605) 332-8227
mikelawsfsd@yahoo.com

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER SPIDER, aka "House," JESUS SALAMO-ROCHE, and LANCE BRUNSTING,<br><br>Defendant. | 23-CR-40100<br><br>CERTIFICATE OF SERVICE |

The undersigned attorney hereby certifies that on the 27th day of February 2025, he served a true and correct copy of Christopher Spider's Proposed Jury Instructions on the following individuals by electronic filing:

Mark Hodges at mark,hodges@usdoj.gov

James Eirinberg at jeirin@midco.net

Sonny Walter at dwalter@midco.net

/s/ Michael W. Hanson
Michael W. Hanson
Attorney for Defendant
505 W 9th St, Ste 100
Sioux Falls, SD 57104
(605) 332-8227
mikelawsfsd@yahoo.com

DEFENDANT CHRISTOPHER SPIDER'S PROPOSED INSTRUCTION NO. 1

The Third Superseding Indictment filed for this case charges that beginning at an unknown time, and continuing until on or about July 26, 2023, in District of South Dakota, Christopher Spider did knowingly or intentionally combine, conspire, confederate, and agree together, with others known and unknown to the Grand Jury, to knowingly and intentionally distribute 500 grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and §846.

The Third Superseding Indictment filed for this case charges that on or about September 18, 2024, in the District of South Dakota, Christopher Spider did knowingly attempt to intimidate and threaten Sapphire Big Eagle by sending a letter, with the intent to influence and prevent testimony of Sapphire Big Eagle in an official proceeding, Jury Trial, all in violation of U.S.C. § 1512(b)(1).

Source: Third Superseding Indictment

DEFENDANT CHRISTOPHER SPIDER'S PROPOSED INSTRUCTION NO. 2

Section 841 (a)(1) of the United States Code provides, in part, that:

(a)…it shall be unlawful for any person knowingly or intentionally---

(b) to…possess with intent to distribute…a controlled substance[.]

Source: 21 U.S.C. § 841(a)(1)

DEFENDANT CHRISTOPHER SPIDER'S PROPOSED INSTRUCTION NO. 3

The crime of possession of methamphetamine with intent to distribute has three essential elements, which are:

*One*, the defendant was in possession of methamphetamine;

*Two*, the defendant knew that he was in possession of methamphetamine; and

*Three*, the defendant intended to distribute some or all of the methamphetamine to another person.

Source: Eighth Circuit Manual of Model Jury Instructions Criminal § 6.21.841A

21 U.S.C. § 841(a)(1)

DEFENDANT CHRISTOPHER SPIDER'S PROPOSED INSTRUCTION NO. 4

For you to find Christopher Spider guilty of the "conspiracy" offense charged in the Third Superseding Indictment, the government must prove the following essential elements beyond a reasonable doubt:

*One*, beginning on an unknown date and continuing until on or about July 26. 2023, two or more persons reached an agreement or came to an understanding to distribute methamphetamine in the district of South Dakota or elsewhere;

A conspiracy is an agreement of two or more persons to commit one or more crimes. It makes no difference whether any co-conspirators are defendants or named in the Third Superseding Indictment. For this element to be proved:

A. Christopher Spider may have been, but did not have to be, one of the original conspirators;

B. The crime that the conspirators agreed to commit did not have to actually be committed;

C. The agreement did not have to be written or formal;

D. The agreement did not have to involve every detail of the conspiracy;

E. The conspirators did not have to personally benefit from the conspiracy.

Here, the conspirators allegedly agreed to commit the crime of distribution of methamphetamine. The elements of distribution of methamphetamine are the following:

*One*, that a person intentionally transferred methamphetamine to another;

*And two*, that at the time of the transfer, the person knew that what he was transferring was a controlled substance.

Remember that the government does not have to prove that distribution of

methamphetamine actually occurred for this element of the "conspiracy" offense to be proved.

*Two*, that the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some time while it was still in effect;

Christopher Spider must have joined in the agreement, but he may have done so at any time during its existence. Christopher Spider may have joined the agreement even if he agreed to play only a minor role in it.

Christopher Spider did not have to do any of the following to join the agreement:

A. Join the agreement at the same time as all the other conspirators;

B. Know all of the details of the conspiracy, such as the names, identities, or locations of all the other members, or

C. Conspire with every other member of the conspiracy.

On the other hand, each of the following, alone is not enough to show that Christopher Spider joined the agreement:

A. Evidence that a person was merely present at the scene of the event;

B. Evidence that a person merely acted in the same way as others;

C. Evidence that a person merely associated with others;

D. Evidence that a person was friends with or met socially with individuals involved in the conspiracy;

E. Evidence that a person who had no knowledge of a conspiracy acted in a way that advanced an objective of the conspiracy;

F. Evidence that a person merely know of the existence of a conspiracy;

G. Evidence that a person merely knew that an objective of the conspiracy

was being considered or attempted;

H. Evidence that a person merely approved of the objectives of the conspiracy; or

I. Evidence that a person merely agreed to buy what another agreed to sell, standing alone, without any prior or contemporaneous understanding beyond the mere sales agreement.

In deciding whether an alleged conspiracy existed, you may consider the acts and statements of each person alleged to be part of the agreement. In deciding whether the defendant joined the agreement, you may consider only the acts and statements of the defendant.

*And three,* that at the time the defendant joined the agreement or understanding, he knew the purpose of the agreement or understanding.

A person knows the purpose of the agreement if he is aware of the agreement and does not participate in it through ignorance, mistake, carelessness, negligence, or accident. It is seldom, if ever, possible to determine directly what was in the defendant's mind. Thus the defendant's knowledge of the agreement and its purpose can be proved like anything else, from reasonable conclusions drawn from the evidence.

It is not enough that the defendant and other alleged participants in the agreement to commit the crime of distribution of methamphetamine simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. The defendant must have known of the existence and purpose of the agreement. Without such knowledge, the defendant cannot be guilty of conspiracy, even if his acts furthered the conspiracy.

For you to find the defendant guilty, the government must prove all of the essential elements of this offense beyond a reasonable doubt. Otherwise, you must find the defendant not guilty.

*Quantity of Methamphetamine*

If you find Christopher Spider guilty of the "conspiracy" offense alleged in the Third Superseding Indictment, you must also determine beyond a reasonable doubt the quantity of methamphetamine involved in the conspiracy for which Christopher Spider can be held responsible. The government does not have to prove that the offense involved the amount of quantity of methamphetamine actually involved in the offense for which the defendant can be held responsible. Therefore, you must ascertain whether or not the controlled substance in question was in fact methamphetamine, as charged in the Third Superseding Indictment, and you must determine beyond a reasonable doubt the amount of methamphetamine involved in the offense for which the defendant can be held responsible. In doing so, you may consider all of the evidence in the case that may aid in the determination of these issues.

A defendant guilty of conspiracy to distribute methamphetamine, as charged in the Third Superseding Indictment, is responsible for quantities of methamphetamine that he actually distributed or agreed to distribute. Such a defendant is also responsible for those quantities of methamphetamine that fellow conspirators distributed or agreed to distribute, if you find that the defendant could have reasonably foreseen, at the time he joined the conspiracy or while the conspiracy lasted, that those prohibited acts were a necessary or natural consequence of the conspiracy.

You must determine the *total quantity* of the controlled substance involved in the conspiracy for which the defendant can be held responsible. You must indicate the *range* within

that *total quantity* falls. You must determine that *total quantity* in terms of grams of actual methamphetamine. In making your determination of quantity as required, it may be helpful to remember that one pound is equal to 453.6 grams, that one ounce is equal to 28.35 grams, and that one kilogram is equal to 1000 grams.

Again, you must determine *beyond a reasonable doubt* the quantity of actual methamphetamine involved in the conspiracy for which the defendant can be held responsible.

Source: Eighth Circuit Manual of Model Jury Instructions Criminal §5.06A

DEFENDANT CHRISTOPHER SPIDER'S PROPOSED INSTRUCTION NO. 5

If you determined that an agreement existed and the defendant joined the agreement, then acts and statements knowingly done or made by a member of the agreement during the existence of the agreement and in furtherance of it, may be considered by you as evidence pertaining to the defendant, even though the acts and statements were done or made in the absence of and without the knowledge of the defendant. This includes acts done or statements made before the defendant joined the agreement, because a person who knowingly, voluntarily and intentionally joins an existing conspiracy becomes responsible for all of the conduct of the co-conspirators from the beginning of the conspiracy.

Acts and statements which are made before the conspiracy began or after it ended are admissible only against the person making them and should not be considered by you against any other defendant.

Source: Eighth Circuit Manual of Model Jury Instruction Criminal § 5.06D

DEFENDANT CHRISTOPHER SPIDER'S PROPOSED INSTRUCTION NO. 6

The phrase "with intent to distribute" means to have in mind or to plan in some way to deliver or to transfer possession or control over a thing to someone else.

In attempting to determine the intent of any person, you may take into your consideration all the facts and circumstances shown by the evidence received in the case concerning that person.

In determining a person's "intent to distribute" controlled substances, the jury may consider, among other things, the purity of the controlled substances, the quantity of the controlled substances, the presence of equipment used in the processing or sale of controlled substances, and large amounts of cash or weapons.

The government must prove, beyond a reasonable doubt, that a person intended to distribute some or all of the controlled substance alleged in the Third Superseding Indictment.

Source: Devitt, Blackmar & O'Malley § 54.09

DEFENDANT CHRISTOPHER SPIDER'S PROPOSED INSTRUCTION NO. 7

The term "to…possess" means to exercise control or authority over something at a given time. There are several types of possession - actual, constructive, sole and joint.

The "possession" is considered to be actual when a person knowingly has direct physical control or authority over something. The "possession" is called constructive possession when a person does not have direct physical control over something, but can knowingly control it and intends to control it, sometimes through another person.

The "possession" may be knowingly exercised by one person exclusively, which is called sole possession, or the "possession" may be knowingly exercised jointly, when it is shared by two or more persons.

Source: Devitt, Blackmar & O'Malley § 54.08

DEFENDANT CHRISTOPHER SPIDER'S PROPOSED INSTRUCTION NO. 8

You are instructed, as a matter of law, that methamphetamine is a controlled substance.

You are further instructed that a pound is equal to 453.6 grams and that an ounce is equal to 28.35 grams.

It is solely for the jury, however, to determine whether or not the government has proven beyond a reasonable doubt that the substance was methamphetamine and the quantity involved in the offense.

Source: Devitt, Blackmar & O'Malley § 54.13

DEFENDANT CHRISTOPHER SPIDER'S PROPOSED INSTRUCTION NO. 9

The crime of tampering with a witness as charged in Count 2 the Third Superseding Indictment, has two elements, which are:

*One*, the defendant knowingly used intimidation and threats against Sapphire Big Eagle; and

*Two*, the defendant did so with intent to influence and prevent the testimony of Sapphire Big Eagle in a court proceeding.

To "intimidate" someone means intentionally to say or do something that would cause a person of ordinary sensibilities to be fearful of harm to himself or another. It is not necessary for the government to prove that Sapphire Big Eagle was actually frightened.

To act with "intent to influence" the testimony of a person means to act for the purpose of getting the person to change or color or shade his or her testimony in some way. It is not necessary for the government to prove that the person's testimony was, in fact, changed in any way.

If all of these elements have been proved beyond a reasonable doubt as to Christopher Spider then you must find him guilty of the crime charged under Count 2; otherwise you must find him not guilty of this crime under Count 2.

Source: Eighth Circuit Manual of Model Jury Instruction Criminal § 6.18.1512

18 U.S.C. § 1512(b)(1)

DEFENDANT CHRISTOPHER SPIDER'S PROPOSED INSTRUCTION NO. 10

The Third Superseding Indictment charges that the offenses were committed "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonable near the dates alleged in the Third Superseding Indictment, it is not necessary for the government to prove that offense was committed precisely on the dates charged.

Source: Devitt, Blackmar & O'Malley § 13.05

DEFENDANT CHRISTOPHER SPIDER'S PROPOSED INSTRUCTION NO. 11

You have heard that some of the witnesses have pleaded guilty to a crime which arose out of the same events for which the defendants are on trial here. You must not consider that guilty plea as any evidence of any defendants' guilt. You may consider that witness' guilty plea only for the purpose of determining how much, if at all, to rely upon that witness' testimony.

Source: Eighth Circuit Manual of Model Jury Instructions Criminal § 2.19

DEFENDANT CHRISTOPHER SPIDER'S PROPOSED INSTRUCTION NO. 12

You have heard testimony from some witnesses who stated that they participated in the crime charged against the defendants. Their testimony was received in evidence and may be considered by you. You may give their testimony such weight as you think it deserves. Whether or not their testimony may have been influenced by their desire to please the government about their own situation is for you to determine.

Source: Eighth Circuit Manual of Model Jury Instructions Criminal § 4.05

DEFENDANT CHRISTOPHER SPIDER'S PROPOSED INSTRUCTION NO. 13

You have heard evidence that some witnesses have made a plea agreement with the government or have received a promise from the government that they will not be prosecuted or have received a promise from the government that their testimony will not be used against them in a criminal case. Their testimony was received in evidence and may be considered by you. You may give this testimony such weight as you think it deserves. Whether or not their testimony may have been influenced by the plea agreement or government's promise is for you to determine.

The witness' guilty plea cannot be considered by you as any evidence of this defendant's guilt. The witness' guilty plea can be considered by you only for the purpose of determining how much, if at all, to rely upon the witness' testimony.

Source: Eighth Circuit Manual of Jury Instructions Criminal § 4.04

DEFENDANT CHRISTOPHER SPIDER'S PROPOSED INSTRUCTION NO. 14

You must presume that the defendants are innocent of the crime charged. The Third Superseding Indictment is only a formal method of beginning a criminal case. It does not create any presumption of guilt; it is merely an accusation. The fact that the person has been indicted does not create any inference, nor is it evidence, that he is guilty of any crime. The presumption of innocence alone is sufficient to acquit a defendant unless you as jurors are satisfied beyond a reasonable doubt of a defendant's guilt of the crime charged from all the evidence that has been introduced in the case.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. Unless the government proves, beyond a reasonable doubt, that a defendant committed each and every element of the offense charged against him in the Third Superseding Indictment, you must find that defendant not guilty of that offense.

Source: Eighth Circuit Manual of Instructions Criminal § 3.08

DEFENDANT CHRISTOPHER SPIDER'S PROPOSED INSTRUCTION NO. 15

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

Source: Eighth Circuit Manual of Instructions Criminal § 3.11

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER SPIDER, aka "House,"<br>JESUS SALAMO-ROCHE, and<br>LANCE BRUNSTING,<br><br>Defendant. | 23-CR-40100<br><br>VERDICT FORM |

We, the Jury, unanimously find the defendant, Christopher Spider, as follows:

| **COUNT 1: CONSPIRACY TO DISTRIBUTE METHAMPHETAMINES** | |
|---|---|
| **Step 1:** | On the charge of "conspiracy to distribute methamphetamine," as explained in Instruction No. 4, please mark your verdict.<br><br>____ Not Guilty<br><br>____ Guilty<br><br>If you have round found Christopher Spider guilty of this offense, please move to Step 2. |
| **Step 2:** | Please indicate the quantity of methamphetamine involved in the conspiracy for which you find beyond a reasonable doubt that this defendant can be held responsible. Determination of drug quantity is explained in Instruction No. 4.<br><br>____ 500 grams or more of a mixture or substance containing methamphetamine<br><br>____ 50 grams or more but less than 500 grams of a mixture or substance containing methamphetamine<br><br>____ Less than 50 grams of a mixture or substance containing methamphetamine |

| COUNT 2: TAMPERING WITH A WITNESS | |
|---|---|
| | On the charge of "tampering with a witness," as explained in Instruction No. 9 please mark your verdict.<br><br>____ Not Guilty<br><br>____ Guilty |

Please have your foreperson sign and date the Verdict Form below.

Dated this_____ day of _______________ 2025.

_________________________________
Foreperson

Source: Eighth Circuit Manual of Model Jury Instructions Criminal § 11.02 (modified)

INSTRUCTION NO. _____

The Third Superseding Indictment filed for this case charges that beginning at an unknown time, and continuing until on or about July 26, 2023, in District of South Dakota, Christopher Spider did knowingly or intentionally combine, conspire, confederate, and agree together, with others known and unknown to the Grand Jury, to knowingly and intentionally distribute 500 grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and §846.

The Third Superseding Indictment filed for this case charges that on or about September 18, 2024, in the District of South Dakota, Christopher Spider did knowingly attempt to intimidate and threaten Sapphire Big Eagle by sending a letter, with the intent to influence and prevent testimony of Sapphire Big Eagle in an official proceeding, Jury Trial, all in violation of U.S.C. § 1512(b)(1).

INSTRUCTION NO. _____

Section 841 (a)(1) of the United States Code provides, in part, that:

(a)…it shall be unlawful for any person knowingly or intentionally---

(b) to…possess with intent to distribute…a controlled substance[.]

INSTRUCTION NO. _____

The crime of possession of methamphetamine with intent to distribute has three essential elements, which are:

*One*, the defendant was in possession of methamphetamine;

*Two*, the defendant knew that he was in possession of methamphetamine; and

*Three*, the defendant intended to distribute some or all of the methamphetamine to another person.

INSTRUCTION NO. _____

For you to find Christopher Spider guilty of the "conspiracy" offense charged in the Third Superseding Indictment, the government must prove the following essential elements beyond a reasonable doubt:

*One*, beginning on an unknown date and continuing until on or about July 26. 2023, two or more persons reached an agreement or came to an understanding to distribute methamphetamine in the district of South Dakota or elsewhere;

A conspiracy is an agreement of two or more persons to commit one or more crimes. It makes no difference whether any co-conspirators are defendants or named in the Third Superseding Indictment. For this element to be proved:

F. Christopher Spider may have been, but did not have to be, one of the original conspirators;

G. The crime that the conspirators agreed to commit did not have to actually be committed;

H. The agreement did not have to be written or formal;

I. The agreement did not have to involve every detail of the conspiracy;

J. The conspirators did not have to personally benefit from the conspiracy.

Here, the conspirators allegedly agreed to commit the crime of distribution of methamphetamine. The elements of distribution of methamphetamine are the following:

*One*, that a person intentionally transferred methamphetamine to another;

*And two*, that at the time of the transfer, the person knew that what he was transferring was a controlled substance.

Remember that the government does not have to prove that distribution of

methamphetamine actually occurred for this element of the "conspiracy" offense to be proved.

*Two*, that the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some time while it was still in effect;

Christopher Spider must have joined in the agreement, but he may have done so at any time during its existence. Christopher Spider may have joined the agreement even if he agreed to play only a minor role in it.

Christopher Spider did not have to do any of the following to join the agreement:

D. Join the agreement at the same time as all the other conspirators;

E. Know all of the details of the conspiracy, such as the names, identities, or locations of all the other members, or

F. Conspire with every other member of the conspiracy.

On the other hand, each of the following, alone is not enough to show that Christopher Spider joined the agreement:

J. Evidence that a person was merely present at the scene of the event;

K. Evidence that a person merely acted in the same way as others;

L. Evidence that a person merely associated with others;

M. Evidence that a person was friends with or met socially with individuals involved in the conspiracy;

N. Evidence that a person who had no knowledge of a conspiracy acted in a way that advanced an objective of the conspiracy;

O. Evidence that a person merely know of the existence of a conspiracy;

P. Evidence that a person merely knew that an objective of the conspiracy

was being considered or attempted;

Q. Evidence that a person merely approved of the objectives of the conspiracy; or

R. Evidence that a person merely agreed to buy what another agreed to sell, standing alone, without any prior or contemporaneous understanding beyond the mere sales agreement.

In deciding whether an alleged conspiracy existed, you may consider the acts and statements of each person alleged to be part of the agreement. In deciding whether the defendant joined the agreement, you may consider only the acts and statements of the defendant.

*And three,* that at the time the defendant joined the agreement or understanding, he knew the purpose of the agreement or understanding.

A person knows the purpose of the agreement if he is aware of the agreement and does not participate in it through ignorance, mistake, carelessness, negligence, or accident. It is seldom, if ever, possible to determine directly what was in the defendant's mind. Thus the defendant's knowledge of the agreement and its purpose can be proved like anything else, from reasonable conclusions drawn from the evidence.

It is not enough that the defendant and other alleged participants in the agreement to commit the crime of distribution of methamphetamine simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. The defendant must have known of the existence and purpose of the agreement. Without such knowledge, the defendant cannot be guilty of conspiracy, even if his acts furthered the conspiracy.

For you to find the defendant guilty, the government must prove all of the essential elements of this offense beyond a reasonable doubt. Otherwise, you must find the defendant not guilty.

*Quantity of Methamphetamine*

If you find Christopher Spider guilty of the "conspiracy" offense alleged in the Third Superseding Indictment, you must also determine beyond a reasonable doubt the quantity of methamphetamine involved in the conspiracy for which Christopher Spider can be held responsible. The government does not have to prove that the offense involved the amount of quantity of methamphetamine actually involved in the offense for which the defendant can be held responsible. Therefore, you must ascertain whether or not the controlled substance in question was in fact methamphetamine, as charged in the Third Superseding Indictment, and you must determine beyond a reasonable doubt the amount of methamphetamine involved in the offense for which the defendant can be held responsible. In doing so, you may consider all of the evidence in the case that may aid in the determination of these issues.

A defendant guilty of conspiracy to distribute methamphetamine, as charged in the Third Superseding Indictment, is responsible for quantities of methamphetamine that he actually distributed or agreed to distribute. Such a defendant is also responsible for those quantities of methamphetamine that fellow conspirators distributed or agreed to distribute, if you find that the defendant could have reasonably foreseen, at the time he joined the conspiracy or while the conspiracy lasted, that those prohibited acts were a necessary or natural consequence of the conspiracy.

You must determine the *total quantity* of the controlled substance involved in the conspiracy for which the defendant can be held responsible. You must indicate the *range* within

that *total quantity* falls. You must determine that *total quantity* in terms of grams of actual methamphetamine. In making your determination of quantity as required, it may be helpful to remember that one pound is equal to 453.6 grams, that one ounce is equal to 28.35 grams, and that one kilogram is equal to 1000 grams.

Again, you must determine *beyond a reasonable doubt* the quantity of actual methamphetamine involved in the conspiracy for which the defendant can be held responsible.

INSTRUCTION NO. _____

If you determined that an agreement existed and the defendant joined the agreement, then acts and statements knowingly done or made by a member of the agreement during the existence of the agreement and in furtherance of it, may be considered by you as evidence pertaining to the defendant, even though the acts and statements were done or made in the absence of and without the knowledge of the defendant. This includes acts done or statements made before the defendant joined the agreement, because a person who knowingly, voluntarily and intentionally joins an existing conspiracy becomes responsible for all of the conduct of the co-conspirators from the beginning of the conspiracy.

Acts and statements which are made before the conspiracy began or after it ended are admissible only against the person making them and should not be considered by you against any other defendant.

INSTRUCTION NO. _____

The phrase "with intent to distribute" means to have in mind or to plan in some way to deliver or to transfer possession or control over a thing to someone else.

In attempting to determine the intent of any person, you may take into your consideration all the facts and circumstances shown by the evidence received in the case concerning that person.

In determining a person's "intent to distribute" controlled substances, the jury may consider, among other things, the purity of the controlled substances, the quantity of the controlled substances, the presence of equipment used in the processing or sale of controlled substances, and large amounts of cash or weapons.

The government must prove, beyond a reasonable doubt, that a person intended to distribute some or all of the controlled substance alleged in the Third Superseding Indictment.

INSTRUCTION NO. _____

The term "to…possess" means to exercise control or authority over something at a given time. There are several types of possession - actual, constructive, sole and joint.

The "possession" is considered to be actual when a person knowingly has direct physical control or authority over something. The "possession" is called constructive possession when a person does not have direct physical control over something, but can knowingly control it and intends to control it, sometimes through another person.

The "possession" may be knowingly exercised by one person exclusively, which is called sole possession, or the "possession" may be knowingly exercised jointly, when it is shared by two or more persons.

INSTRUCTION NO. _____

You are instructed, as a matter of law, that methamphetamine is a controlled substance.

You are further instructed that a pound is equal to 453.6 grams and that an ounce is equal to 28.35 grams.

It is solely for the jury, however, to determine whether or not the government has proven beyond a reasonable doubt that the substance was methamphetamine and the quantity involved in the offense.

INSTRUCTION NO. _____

The crime of tampering with a witness as charged in Count 2 the Third Superseding Indictment, has two elements, which are:

*One*, the defendant knowingly used intimidation and threats against Sapphire Big Eagle; and

*Two*, the defendant did so with intent to influence and prevent the testimony of Sapphire Big Eagle in a court proceeding.

To "intimidate" someone means intentionally to say or do something that would cause a person of ordinary sensibilities to be fearful of harm to himself or another. It is not necessary for the government to prove that Sapphire Big Eagle was actually frightened.

To act with "intent to influence" the testimony of a person means to act for the purpose of getting the person to change or color or shade his or her testimony in some way. It is not necessary for the government to prove that the person's testimony was, in fact, changed in any way.

If all of these elements have been proved beyond a reasonable doubt as to Christopher Spider then you must find him guilty of the crime charged under Count 2; otherwise you must find him not guilty of this crime under Count 2.

INSTRUCTION NO. _____

The Third Superseding Indictment charges that the offenses were committed "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonable near the dates alleged in the Third Superseding Indictment, it is not necessary for the government to prove that offense was committed precisely on the dates charged.

INSTRUCTION NO. _____

You have heard that some of the witnesses have pleaded guilty to a crime which arose out of the same events for which the defendants are on trial here. You must not consider that guilty plea as any evidence of any defendants' guilt. You may consider that witness' guilty plea only for the purpose of determining how much, if at all, to rely upon that witness' testimony.

INSTRUCTION NO. _____

You have heard testimony from some witnesses who stated that they participated in the crime charged against the defendants. Their testimony was received in evidence and may be considered by you. You may give their testimony such weight as you think it deserves. Whether or not their testimony may have been influenced by their desire to please the government about their own situation is for you to determine.

INSTRUCTION NO. _____

You have heard evidence that some witnesses have made a plea agreement with the government or have received a promise from the government that they will not be prosecuted or have received a promise from the government that their testimony will not be used against them in a criminal case. Their testimony was received in evidence and may be considered by you. You may give this testimony such weight as you think it deserves. Whether or not their testimony may have been influenced by the plea agreement or government's promise is for you to determine.

The witness' guilty plea cannot be considered by you as any evidence of this defendant's guilt. The witness' guilty plea can be considered by you only for the purpose of determining how much, if at all, to rely upon the witness' testimony.

INSTRUCTION NO. _____

You must presume that the defendants are innocent of the crime charged. The Third Superseding Indictment is only a formal method of beginning a criminal case. It does not create any presumption of guilt; it is merely an accusation. The fact that the person has been indicted does not create any inference, nor is it evidence, that he is guilty of any crime. The presumption of innocence alone is sufficient to acquit a defendant unless you as jurors are satisfied beyond a reasonable doubt of a defendant's guilt of the crime charged from all the evidence that has been introduced in the case.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. Unless the government proves, beyond a reasonable doubt, that a defendant committed each and every element of the offense charged against him in the Third Superseding Indictment, you must find that defendant not guilty of that offense.

INSTRUCTION NO. _____

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER SPIDER, aka "House," JESUS SALAMO-ROCHE, and LANCE BRUNSTING,<br><br>Defendant. | 23-CR-40100<br><br>VERDICT FORM |

We, the Jury, unanimously find the defendant, Christopher Spider, as follows:

| **COUNT 1: CONSPIRACY TO DISTRIBUTE METHAMPHETAMINES** | |
|---|---|
| **Step 1:** | On the charge of "conspiracy to distribute methamphetamine," as explained in Instruction No. 4, please mark your verdict.<br><br>____ Not Guilty<br><br>____ Guilty<br><br>If you have round found Christopher Spider guilty of this offense, please move to Step 2. |
| **Step 2:** | Please indicate the quantity of methamphetamine involved in the conspiracy for which you find beyond a reasonable doubt that this defendant can be held responsible. Determination of drug quantity is explained in Instruction No. 4.<br><br>____ 500 grams or more of a mixture or substance containing methamphetamine<br><br>____ 50 grams or more but less than 500 grams of a mixture or substance containing methamphetamine<br><br>____ Less than 50 grams of a mixture or substance containing methamphetamine |

| **COUNT 2: TAMPERING WITH A WITNESS** | |
|---|---|
| | On the charge of "tampering with a witness," as explained in Instruction No. 9 please mark your verdict.<br><br>____ Not Guilty<br><br>____ Guilty |

Please have your foreperson sign and date the Verdict Form below.

Dated this_____ day of _______________ 2025.

____________________________________
Foreperson