UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

CHRISTOPHER SPIDER, aka "House,"
JESUS SALAMO-ROCHE, and
LANCE BRUNSTING,

Defendant.

23-CR-40100

CHRISTOPHER SPIDER'S PROPOSED SECOND SUPPLEMENTAL JURY INSTRUCTION

Attorney for United States:

Paige Petersen
Assistant United States Attorney
PO Box 2638
Sioux Falls, SD 57101-2638

Attorney for Defendant Spider:

Michael W. Hanson
505 W 9th St, Ste 100
Sioux Falls, SD 57104

Attorney for Defendant Salamo-Roche:

James A, Eirinberg
300 N Dakota Ave, Ste 509
Sioux Falls, SD 57104

Attorney for Defendant Brunsting:

Sonny Walter
335 N Main Ave, Ste 230
Sioux Falls, SD 57104

Comes now the defendant, Christopher Spider, proposes the following proposed supplemental jury instruction numbered 17.

Dated this 14th day of March 2025.

/s/ Michael W. Hanson
Michael W. Hanson
Attorney for Defendant
505 W 9th St, Ste 100
Sioux Falls, SD 57104
(605) 332-8227
mikelawsfsd@yahoo.com

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER SPIDER, aka "House,"<br>JESUS SALAMO-ROCHE, and<br>LANCE BRUNSTING,<br><br>Defendant. | 23-CR-40100<br><br>CERTIFICATE OF SERVICE |

---

The undersigned attorney hereby certifies that on the 11th day of March 2025, he served a true and correct copy of Christopher Spider's Proposed Second Supplemental Jury Instruction on the following individuals by electronic filing:

Paige Petersen at paige.petersen@usdoj.gov

James Eirinberg at jeirin@midco.net

Sonny Walter at dwalter@midco.net

/s/ Michael W. Hanson
Michael W. Hanson
Attorney for Defendant
505 W 9th St, Ste 100
Sioux Falls, SD 57104
(605) 332-8227
mikelawsfsd@yahoo.com

DEFENDANT CHRISTOPHER SPIDER'S PROPOSED INSTRUCTION NO. 17

You are about to hear evidence that the defendant, Christopher Spider was convicted of conspiracy to distribute a controlled substance out of the District of South Dakota Central Division criminal no. CR10-30087 and Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance out of the District of South Dakota Central Division criminal no. CR15-30003. You may consider this evidence only if you (unanimously) find it is more likely true than not true that the defendant committed the act. This is a lower standard than proof beyond a reasonable doubt. You decide that by considering all of the evidence relating to the alleged act, then deciding what evidence is more believable.

If you find that this evidence has not been proved, you must disregard it. If you find this evidence has been proved, then you may consider it only for the limited purpose of deciding whether Christopher Spider had the state of mind or intent necessary to commit the crime charged in the indictment; or had a motive or opportunity to commit the acts described in the indictment; or acted according to a plan or in preparation for commission of a crime; or committed the acts he is on trial for by accident or mistake. You should give it the weight and value you believe it is entitled to receive.

Remember, even if you find that the defendant may have committed similar acts in the past, this is not evidence that he committed such an act in this case. You may not convict a person simply because you believe he may have committed similar acts in the past. The defendant is on trial only for the crimes charged, and you may consider the evidence of prior acts only on the issues stated above.

Source: Eighth Circuit Manual of Model Jury Instructions Criminal § 2.08

INSTRUCTION NO. _____

You are about to hear evidence that the defendant, Christopher Spider was convicted of conspiracy to distribute a controlled substance out of the District of South Dakota Central Division criminal no. CR10-30087 and Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance out of the District of South Dakota Central Division criminal no. CR15-30003. You may consider this evidence only if you (unanimously) find it is more likely true than not true that the defendant committed the act. This is a lower standard than proof beyond a reasonable doubt. You decide that by considering all of the evidence relating to the alleged act, then deciding what evidence is more believable.

If you find that this evidence has not been proved, you must disregard it. If you find this evidence has been proved, then you may consider it only for the limited purpose of deciding whether Christopher Spider had the state of mind or intent necessary to commit the crime charged in the indictment; or had a motive or opportunity to commit the acts described in the indictment; or acted according to a plan or in preparation for commission of a crime; or committed the acts he is on trial for by accident or mistake. You should give it the weight and value you believe it is entitled to receive.

Remember, even if you find that the defendant may have committed similar acts in the past, this is not evidence that he committed such an act in this case. You may not convict a person simply because you believe he may have committed similar acts in the past. The defendant is on trial only for the crimes charged, and you may consider the evidence of prior acts only on the issues stated above.