UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER SPIDER, *also known as* "House," and LANCE BRUNSTING,<br><br>Defendants. | 4:23-CR-40100-KES<br><br>FINAL INSTRUCTIONS TO THE JURY |

**TABLE OF CONTENTS**

FINAL INSTRUCTIONS

FINAL INSTRUCTION NO. 1 – INTRODUCTION ........ 1
FINAL INSTRUCTION NO. 2 – CONSPIRACY TO DISTRIBUTE A CONTROLLED SUBSTANCE ........ 2
FINAL INSTRUCTION NO. 3 – TAMPERING WITH A WITNESS ........ 7
FINAL INSTRUCTION NO. 4 – IMPEACHMENT ........ 8
FINAL INSTRUCTION NO. 5 – PRIOR CRIMINAL CONVICTIONS ........ 10
FINAL INSTRUCTION NO. 6 – PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF ........ 11
FINAL INSTRUCTION NO. 7 – REASONABLE DOUBT ........ 12
FINAL INSTRUCTION NO. 8 – DUTY TO DELIBERATE ........ 13
FINAL INSTRUCTION NO. 9 – DUTY DURING DELIBERATIONS ........ 14

VERDICT FORM

FINAL INSTRUCTION NO. 1 – INTRODUCTION

Members of the jury, the written instructions I gave you at the beginning of the trial and the oral instructions I gave you during the trial remain in effect. I now give you some additional instructions.

The instructions I am about to give you, as well as the preliminary instructions given to you at the beginning of the trial, are in writing and will be available to you in the jury room. *All* instructions, whenever given and whether in writing or not, must be followed. This is true even though some of the instructions I gave you at the beginning of the trial are not repeated here.

## FINAL INSTRUCTION NO. 2 – CONSPIRACY TO DISTRIBUTE A CONTROLLED SUBSTANCE

For you to find Christopher Spider or Lance Brunsting guilty of the offense of conspiracy to distribute a controlled substance, as charged in Count 1 of the Third Superseding Indictment, the prosecution must prove the following four essential elements beyond a reasonable doubt:

***One,* beginning on an unknown date and continuing until on or about July 26, 2023, two or more persons reached an agreement or came to an understanding to distribute a mixture or substance containing a detectable amount of methamphetamine;**

Methamphetamine is a Schedule II controlled substance.

A conspiracy is an agreement of two or more persons to commit one or more crimes. It makes no difference whether any co-conspirators are defendants or named in the Third Superseding Indictment. For this element to be proved,

- Spider or Brunsting may have been, but did not have to be, one of the original conspirators;
- The crime that the conspirators agreed to commit did not actually have to be committed;
- The agreement did not have to be express, written, or formal;
- The agreement did not have to involve every detail of how the conspiracy was to be carried out;
- The conspirators did not have to personally benefit from the conspiracy.

The Third Superseding Indictment charges a conspiracy to distribute a controlled substance. For you to find that the government has proved a conspiracy, you must unanimously find that there was an agreement to act for this purpose.

To help you decide whether a defendant agreed to commit the crime of distribution of methamphetamine, you should consider the elements of a "distribution" offense. The elements of distribution of methamphetamine are the following:

- *One*, that a person intentionally transferred a mixture or substance containing methamphetamine to another;
- *And two*, that at the time of the transfer, the person knew that what he was transferring was a controlled substance.

Remember that the prosecution does not have to prove that distribution of methamphetamine actually occurred for this element of the "conspiracy" offense to be proved.

***Two*, that Spider or Brunsting voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect;**

Spider or Brunsting must have joined in the agreement, but they may have done so at any time during its existence. Spider or Brunsting may have joined the agreement even if he agreed to play only a minor role in it.

Spider or Brunsting did not have to do any of the following to join the agreement:

- join the agreement at the same time as all the other conspirators,
- know all of the details of the conspiracy, such as the names, identities, or locations of all the other members, or
- conspire with every other member of the conspiracy.

On the other hand, each of the following, alone, is not enough to show that Spider or Brunsting joined the agreement:

- evidence that a person was merely present at the scene of an event,
- evidence that a person merely acted in the same way as others,
- evidence that a person merely associated with others,

- evidence that a person was friends with or met socially with individuals involved in the conspiracy,

- evidence that a person who had no knowledge of a conspiracy happened to act in a way that advanced some purpose of the conspiracy,

- evidence that a person merely knew of the existence of a conspiracy,

- evidence that a person merely knew that an objective of the conspiracy was being considered or attempted, or

- evidence that a person merely approved of the objectives of the conspiracy.

Rather, the prosecution must prove that Spider or Brunsting had some degree of knowing involvement in the agreement.

In deciding whether an alleged conspiracy existed, you may consider the acts and statements of each person alleged to be part of the agreement.

In deciding whether Spider or Brunsting voluntarily and intentionally joined the agreement, you must consider only the evidence of Spider's or Brunsting's own acts and statements. You may not consider actions and statements of others, except to the extent any statement of another describes something that was said or done by Spider or Brunsting.

Intent or knowledge may be proved like anything else. You may consider any statements made by a defendant, in connection with the offense charged, and all the facts and circumstances in evidence, which may aid in a determination of a defendant's knowledge or intent. You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

***Three*, that at the time Spider or Brunsting joined in the agreement or understanding, he knew the purpose of the agreement or understanding;**

A person knows the purpose of the agreement if he is aware of the agreement and does not participate in it through ignorance, mistake, carelessness, negligence, or accident. It is seldom, if ever, possible to determine directly what was in a defendant's mind. Thus, a defendant's knowledge of the agreement and its purpose can be proved like anything else, from reasonable conclusions drawn from the evidence.

It is not enough that a defendant and other alleged participants in the agreement to commit the crime of distribution of methamphetamine or possession of methamphetamine with the intent to distribute simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. A defendant must have known of the existence and purpose of the agreement. Without such knowledge, a defendant cannot be guilty of conspiracy, even if his acts furthered the conspiracy.

***And four*, that the agreement or understanding involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine.**

The quantity of controlled substances involved in the agreement or understanding includes the controlled substances a defendant possessed for personal use or distributed or agreed to distribute. The quantity also includes the controlled substances fellow conspirators distributed or agreed to distribute, if you find that those distributions or agreements to distribute were a necessary or natural consequence of the agreement or understanding and were reasonably foreseeable by a defendant.

Do not double count any quantities of methamphetamine if more than one conspirator was involved in conspiring to distribute that particular quantity of the methamphetamine. Instead, you must determine the amount of the methamphetamine involved in the conspiracy for which Spider or Brunsting can be held responsible, if any.

In making your determination of quantity as required, the following conversion chart may be helpful:

| OUNCES/POUNDS | GRAMS/KILOGRAMS |
|---|---|
| 1 ounce | 28.35 grams (0.028 kilogram) |
| 1 pound | 453.59 grams (0.4536 kilogram) |
| 2.2 pounds | 1,000 grams (1 kilogram) |

For you to find Spider or Brunsting guilty of the offense charged in Count 1 of the Third Superseding Indictment, the prosecution must prove all four of the essential elements beyond a reasonable doubt. Otherwise, you must find Spider or Brunsting not guilty of the offense charged in Count 1 of the Third Superseding Indictment.

If you do not unanimously find all four elements beyond a reasonable doubt, but you do find the first three elements unanimously and beyond a reasonable doubt, you must go on to consider whether a defendant conspired to distribute some lesser amount of methamphetamine.

If you unanimously find a defendant conspired to distribute an amount of methamphetamine less than 500 grams but more than 50 grams, then you must find that defendant guilty of the crime of conspiracy to distribute 50 grams or more of a mixture or substance containing methamphetamine.

If you unanimously find that a defendant conspired to distribute an amount of methamphetamine less than 50 grams beyond a reasonable doubt, you must find that defendant guilty of the crime of conspiracy to distribute methamphetamine.

Otherwise, you must find a defendant not guilty of Count 1 as charged in the Third Superseding Indictment.

FINAL INSTRUCTION NO. 3 – TAMPERING WITH A WITNESS

For you to find Christopher Spider guilty of the offense of tampering with a witness as charged in Count 2 of the Third Superseding Indictment, the prosecution must prove the following two essential elements beyond a reasonable doubt:

***One*, Spider knowingly used intimidation, threats, or corrupt persuasion against Sapphire Big Eagle;**

A description of what it means to act with intent or knowledge is included in Final Jury Instruction No. 2.

To "intimidate" someone means intentionally to say or do something that would cause a person of ordinary sensibilities to be fearful of harm to herself or another. It is not necessary for the government to prove that Sapphire Big Eagle was actually frightened.

To corruptly persuade someone means to persuade with consciousness of wrongdoing.

***And two*, Spider did so with the intent to influence, delay, or prevent the testimony of Sapphire Big Eagle in connection with a trial of a criminal case against Spider.**

To act with "intent to influence" the testimony of a person means to act for the purpose of getting the person to change or color or shade her testimony in some way. It is not necessary for the government to prove Sapphire Big Eagle's testimony was, in fact, changed in any way.

A defendant need not know the "trial of a criminal case" was a federal proceeding or that a criminal trial actually was pending or about to be instituted. A defendant need only contemplate that a criminal trial proceeding may occur in the future in which Sapphire Big Eagle's testimony may be material.

## FINAL INSTRUCTION NO. 4 – IMPEACHMENT

In Preliminary Instruction No. 6, I instructed you generally on the credibility of witnesses. I now give you this further instruction on how the credibility of a witness can be "impeached" and how you may treat certain evidence.

A witness may be discredited or impeached by contradictory evidence; by a showing that the witness testified falsely concerning a material matter; or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony. If earlier statements of a witness were admitted into evidence, they were not admitted to prove that the contents of those statements were true. Instead, you may consider those earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness, and therefore whether they affect the credibility of that witness.

You have heard evidence that one or more witnesses has been convicted of a crime. You may use that evidence only to help you decide whether to believe the witness and how much weight to give the witness's testimony.

You have heard testimony from one or more witnesses who stated that they participated in the crime charged against the defendants. That testimony was received in evidence and may be considered by you. You may give that testimony such weight as you think it deserves. Whether or not that testimony may have been influenced by that witness's desire to please the prosecution or to strike a good bargain with the prosecution about that witness's own situation is for you to determine.

You have heard that one or more witnesses pleaded guilty to a crime which arose out of the same events for which the defendants are on trial here. You must not consider that guilty plea as any evidence of either defendant's guilt. You may consider a witness's guilty plea only for the purpose of determining how much, if at all, to rely upon that witness's testimony.

You have also heard evidence that one or more witnesses has made a plea agreement with the prosecution. The witness's testimony was received in evidence and may be considered by you. You may give the witness's testimony such weight as you think it deserves. Whether or not the witness's testimony may have been influenced by the plea agreement or the prosecution's promise is for you to determine. A witness's guilty plea cannot be considered by you as any evidence of either defendant's guilt. A witness's guilty plea can be considered by you only for the purpose of determining how much, if at all, to rely upon the witness's testimony.

You have heard evidence that one or more witnesses received, or hopes to receive, a reduced sentence on criminal charges pending against that witness, in return for the witness's cooperation with the government in this case. If the prosecutor handling the witness's case believed or believes the witness provided substantial assistance, the prosecutor can file a motion to reduce the witness's sentence. If such a motion for reduction of sentence for substantial assistance is filed by the prosecutor, then it is or was up to the Judge to decide whether to reduce the sentence at all, and if so, how much to reduce it. You may give this witness's testimony such weight as you think it deserves. Whether or not testimony of a witness may have been influenced by the witness's hope of receiving a reduced sentence is for you to decide.

If you believe that a witness has been discredited or impeached, it is your exclusive right to give that witness's testimony whatever weight, if any, you think it deserves.

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

FINAL INSTRUCTION NO. 5 – PRIOR CRIMINAL CONVICTIONS

You have heard evidence that the defendant, Christopher Spider, was previously convicted of conspiracy to distribute a controlled substance in the District of South Dakota Central Division criminal case number CR10-30087 and Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance in the District of South Dakota Central Division criminal case number CR15-30003. You may consider this evidence only if you (unanimously) find it is more likely true than not true that Spider was previously convicted of these crimes. This is a lower standard than proof beyond a reasonable doubt.

You must make your decision by first considering all of the evidence relating to the prior criminal convictions, then deciding what evidence is more believable. If you find that this evidence has not been proved, you must disregard it. If you find this evidence has been proved, then you may consider it only for the limited purpose of deciding whether Christopher Spider had the state of mind or intent necessary to commit the crime charged in the indictment; or had a motive or opportunity to commit the acts described in the indictment; or committed the acts he is on trial for by accident or mistake.

You should give the prior criminal convictions the weight and value you believe they are entitled to receive. Remember, even if you find that Spider may have committed similar acts in the past, this is not evidence that he committed such acts in this case. You may not convict a person simply because you believe he may have committed similar acts in the past. Spider is on trial only for the crimes charged, and you may consider the evidence of prior acts only on the issues stated above.

## FINAL INSTRUCTION NO. 6 – PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF

The presumption of innocence means that a defendant is presumed to be absolutely not guilty.

- This presumption means that you must put aside all suspicion that might arise from a defendant's arrest, the charge, or the fact that he is here in court.
- This presumption remains with a defendant throughout the trial.
- This presumption is enough, alone, for you to find a defendant not guilty, unless the prosecution proves, beyond a reasonable doubt, all of the elements of an offense charged against him.

The burden is always on the prosecution to prove guilt beyond a reasonable doubt.

- This burden never, ever shifts to a defendant to prove his innocence.
- This burden means that a defendant does not have to call any witnesses, produce any evidence, cross-examine the prosecution's witnesses, or testify.
- This burden means that, if a defendant does not testify, you must not consider that fact in any way, or even discuss it, in arriving at your verdict.

This burden means that you must find a defendant not guilty of an offense charged against him, unless the prosecution proves beyond a reasonable doubt that he has committed each and every element of that offense.

FINAL INSTRUCTION NO. 7 – REASONABLE DOUBT

A reasonable doubt is a doubt based upon reason and common sense.

- A reasonable doubt may arise from evidence produced by the prosecution or a defendant, keeping in mind that a defendant never, ever has the burden or duty to call any witnesses or to produce any evidence.
- A reasonable doubt may arise from the prosecution's lack of evidence.

The prosecution must prove a defendant's guilt beyond a reasonable doubt.

- Proof beyond a reasonable doubt requires careful and impartial consideration of all the evidence in the case before making a decision.
- Proof beyond a reasonable doubt is proof so convincing that you would be willing to rely and act on it in the most important of your own affairs.

The prosecution's burden is heavy, but it does not require proof beyond all possible doubt.

FINAL INSTRUCTION NO. 8 – DUTY TO DELIBERATE

A verdict must represent the careful and impartial judgment of each of you. Before you make that judgment, you must consult with one another and try to reach agreement if you can do so consistent with your individual judgment.

- If you are convinced that the prosecution has not proved beyond a reasonable doubt that a defendant is guilty, say so.
- If you are convinced that the prosecution has proved beyond a reasonable doubt that a defendant is guilty, say so.
- Do not give up your honest beliefs just because others think differently or because you simply want to be finished with the case.
- On the other hand, do not hesitate to re-examine your own views and to change your opinion if you are convinced that it is wrong.
- You can only reach a unanimous verdict if you discuss your views openly and frankly, with proper regard for the opinions of others, and with a willingness to re-examine your own views.
- Remember that you are not advocates, but judges of the facts, so your sole interest is to seek the truth from the evidence.
- The question is never who wins or loses the case, because society always wins, whatever your verdict, when you return a just verdict based solely on the evidence, reason, your common sense, and these Instructions.
- You must consider all of the evidence bearing on each element before you.
- Take all the time that you feel is necessary.
- Remember that this case is important to the parties and to the fair administration of justice, so do not be in a hurry to reach a verdict just to be finished with the case.

FINAL INSTRUCTION NO. 9 – DUTY DURING DELIBERATIONS

You must follow certain rules while conducting your deliberations and returning your verdict:

- Select a foreperson to preside over your discussions and to speak for you here in court.
- Do not consider punishment in any way in deciding whether a defendant is guilty or not guilty. If a defendant is guilty, I will decide what the sentence should be.
- Communicate with me by sending me a note through a Court Security Officer (CSO). The note must be signed by one or more of you. Remember that you should not tell anyone, including me, how your votes stand. I will respond as soon as possible, either in writing or orally in open court.
- Base your verdict solely on the evidence, reason, your common sense, and these Instructions. Again, nothing I have said or done was intended to suggest what your verdict should be—that is entirely for you to decide.
- Reach your verdict without discrimination. In reaching your verdict, you must not consider a defendant's race, color, religious beliefs, national origin, or sex. You are not to return a verdict for or against a defendant unless you would return the same verdict without regard to his race, color, religious beliefs, national origin, or sex.
- Complete the Verdict Form. The foreperson must bring the signed verdict form to the courtroom when it is time to announce your verdict.

- When you have reached a verdict, the foreperson will advise the CSO that you are ready to return to the courtroom.

Good luck with your deliberations.

Dated March 27, 2025.

BY THE COURT:

Karen E. Schreier

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE