UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | DOCKET NO. 4:23-CR-40100-2, 6, 7 |
| Plaintiff, | ) | |
| -vs- | ) | Sioux Falls, South Dakota Courtroom 3 |
| CHRISTOPHER SPIDER, a/k/a House, JESUS SALAMO-ROCHE, LANCE BRUNSTING, | ) | March 14, 2025 10:03 a.m. |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

TRANSCRIPT OF PRETRIAL CONFERENCE HEARING

BEFORE THE HONORABLE KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

* * * * * * * * * * * * * * * * * * * * * * * * * * *

APPEARANCES:

For the Plaintiff: Office of the United States Attorney
BY: PAIGE PETERSEN
515 Ninth Street, Room 201
Rapid City, SD 57701

For the Defendant Christopher Spider: BY: MICHAEL W. HANSON
505 W. 9th Street, Suite 100
Sioux Falls, SD 57104

For the Defendant Jesus Salamo-Roche: BY: JAMES A. EIRINBERG
300 North Dakota Avenue
Suite 509
Sioux Falls, SD 57104

For the Defendant Lance Brunsting: BY: D. SONNY WALTER
335 North Main Avenue
Suite 230
Sioux Falls, SD 57104

Also Present: Defendants Spider, Salamo-Roche, Brunsting
Laura Garcia-Hein, Spanish Interpreter, via TIPS line

**INDEX**

**MOTIONS**


| MOTIONS | DESCRIPTION | PAGE |
|---|---|---|
| PLAINTIFF | Motion to preclude reference to penalty or punishment - GRANTED | 11 |
| PLAINTIFF | Motion to preclude reference to opinion as to guilt or innocence - GRANTED | 11 |
| PLAINTIFF | Motion to preclude reference to matters required to be raised by pretrial motion - GRANTED | 12 |
| PLAINTIFF | Motion to preclude reference to the government's charging decisions - GRANTED | 13 |
| PLAINTIFF | Motion to permit investigator to sit at counsel table - GRANTED | 14 |
| PLAINTIFF | Motion to sequester witnesses - GRANTED (RECIPROCAL) | 14 |
| PLAINTIFF | Motion to preclude evidence or argument relating to the jury's power of nullification - GRANTED | 15 |
| PLAINTIFF | Motion to preclude evidence of plea negotiations - GRANTED | 15 |
| PLAINTIFF | Motion to preclude reference to Trooper Jansen's civil case - GRANTED | 16 |
| PLAINTIFF | Discussion on Government notice of intent to offer evidence under Rule 611(a) and 1006 | 38 |
| PLAINTIFF | Discussion on Government notice of intent to offer expert witness - Brandon Purcel | 39 |
| PLAINTIFF | Discussion on Government notice of intent to offer expert witness - Lona Haas-Boyer | 42 |
| PLAINTIFF | Discussion on Government notice of intent to offer expert witness - Tolulope Omosun | 42 |
| PLAINTIFF | Discussion on Government notice of intent to offer expert witness - Samantha Sierakowski | 43 |

## MOTIONS



| MOTIONS | DESCRIPTION | PAGE |
|---|---|---|
| DEFENDANT SPIDER | Docket 181(1) Motion to prohibit the prosecution or prosecution witnesses from making reference to defendant's past criminal history - DENIED | 16 |
| DEFENDANT SPIDER | Docket 242 Motion to preclude evidence under 404(b) - DENIED | 16 |
| DEFENDANT SPIDER | Docket 181(2) Motion to preclude any questioning of the defendant about past felony convictions be limited to conviction only - GRANTED | 23 |
| DEFENDANT S.R. | Docket 248 Motion for discovery of jury research conducted by the government - GRANTED | 25 |
| DEFENDANT S.R. | Docket 249 Motion for disclosure of witness inducement - GRANTED | 25 |
| DEFENDANT S.R. | Docket 250 Motion for disclosure of impeaching information - GRANTED | 26 |
| DEFENDANT S.R. | Docket 251 Motion for discovery of other bad acts evidence - GRANTED | 26 |
| DEFENDANT S.R. | Docket 264(1) Motion to preclude the government or any of its witnesses from making comment as to whether defendant takes the witness stand - GRANTED | 27 |
| DEFENDANT S.R. | Docket 264(2) Motion to preclude the government attorney from informing the jury that any government witness, immunized or not, has no reason to lie - GRANTED | 27 |
| DEFENDANT S.R. | Docket 264(3) Motion to preclude the government or any witness from commenting on Mr. Salamo-Roche's previously exercising his right to remain silent - GRANTED | 27 |
| DEFENDANT S.R. | Docket 264(1) Motion to preclude the government or any of its witnesses from making comment as to whether defendant takes the witness stand - GRANTED | 28 |

**MOTIONS**

| **MOTIONS** | **DESCRIPTION** | **PAGE** |
|---|---|---|
| DEFENDANT S.R. | Docket 264(5) Motion to prohibit the marshals from making Mr. Salamo-Roche wear arm or leg restraints or prison clothes - DENIED AS MOOT | 28 |
| DEFENDANT S.R. | Docket 264(6) Motion to prohibit the use of any statement made by an indicted or unindicted coconspirator during the course and in furtherance of the alleged conspiracy unless hearing held outside the presence of the jury - GRANTED | 29 |
| DEFENDANT S.R. | Docket 264(7) Motion to sequester witnesses - GRANTED (RECIPROCAL) | 29 |
| DEFENDANT S.R. | Docket 264(8) Motion for a limiting instruction to the jury that the government's lead agent sitting at counsel table does not increase his credibility - GRANTED | 29 |
| DEFENDANT S.R. | Docket 263 Motion to prohibit soliciting opinion testimony from witnesses as to modes of operation relative to distributing drugs without having a hearing outside the presence of the jury - DENIED | 43 |
| DEFENDANT BRUNSTING | Docket 247 Motion to prohibit the prosecution or prosecution witnesses from making reference to defendant's past criminal history - GRANTED | 30 |

(Proceedings in open court at 10:03 a.m.)

THE COURT: This is the time scheduled for a pretrial conference in the matter entitled United States of America v. Christopher Spider, Jesus Salamo-Roche, and Lance Brunsting.

Would counsel please note their appearances for the record.

MS. PETERSEN: Paige Petersen for the government, Your Honor.

MR. EIRINBERG: James Eirinberg on behalf of Jesus Salamo-Roche.

MR. HANSON: Michael Hanson here present with Christopher Spider.

MR. WALTER: Sonny Walter appearing with Lance Brunsting, Your Honor.

THE COURT: And my understanding is that Jesus Salamo-Roche does not speak fluent English, so we do have a certified TIPS interpreter on the line: Laura Garcia-Hein.

Mr. Eirinberg, any objection to the use of her as the interpreter for this hearing?

MR. EIRINBERG: I'm sorry?

THE COURT: Do you have any objection to the use of her as the interpreter for this hearing?

MR. EIRINBERG: I do not.

THE COURT: Ms. Garcia-Hein, thank you so much

for helping us out. If you'd please raise your right hand, the clerk will administer the oath to you.

(Interpreter sworn)

THE COURT: And, Mr. Salamo-Roche, if you don't understand something at some point, let me know, and I'll try to explain it to you again. Okay?

This is scheduled for a trial to start on Monday, March 29th, at 1:00. And we'll do jury selection on that first day. And I also hope that there will be enough time for me to read the preliminary instructions.

So then on Tuesday we will start with the opening statements from both sides and then evidence.

I did want you to know that on Tuesday morning my understanding is that we will have students from SDSU that are here. It will be anywhere from five to ten students. But I just wanted you to know that we will have those students here.

So for jury selection, first I'd like to tell the jurors how long we think the case will take.

Ms. Petersen, what's your best estimate?

MS. PETERSEN: Your Honor, my best estimate is the government closing its case in chief by noon on Friday the 28th.

THE COURT: Mr. Hanson?

MR. HANSON: Unless my client testifies, that would

be, on our end, the end of it.

THE COURT: Mr. Eirinberg?

MR. EIRINBERG: Yes. I don't expect the trial to go further than that if my client is part of the trial.

THE COURT: Mr. Walter?

MR. WALTER: I agree, Your Honor.

THE COURT: Okay. I'll tell the jury we expect it to go through Friday.

We will seat 31 jurors and strike down to 13, so we'll have one alternate. The defense has eleven strikes. The government has seven.

So with regard to the defendant's eleven strikes, do the three attorneys want to agree on all eleven, or they could be divided, where each of you has three strikes and then you share the final two.

MR. EIRINBERG: I would prefer to have my own --

THE COURT: If you could just stay seated and talk into the microphone. We have to make sure the interpreter can hear everything.

MR. EIRINBERG: I would prefer to have my own strikes, Your Honor.

THE COURT: Mr. Hanson?

MR. HANSON: I'll have my own.

THE COURT: Mr. Walter?

MR. WALTER: I concur.

THE COURT: Okay. So you'll each have three, and then you'll share the last two. If we only have two defendants that remain, you would each have five and share the last one.

MR. WALTER: Can we change our mind on that later if we get to that point, Your Honor?

THE COURT: You can. And whatever you agree to is fine with me. We just need to let the clerk know as she is passing the sheet between the sides.

So for voir dire, I'll ask some preliminary questions, and then I allow both sides to ask questions.

Ms. Petersen, how much time is the government requesting?

MS. PETERSEN: 20 minutes is sufficient, Your Honor.

THE COURT: Mr. Hanson?

MR. HANSON: If there are going to be three of us going, I suppose 20, and leave the rest of it up to the others.

THE COURT: Mr. Eirinberg?

MR. EIRINBERG: I would agree.

THE COURT: Mr. Walter?

MR. WALTER: I agree.

THE COURT: All right. It will be 20 for each of you.

And for your opening statement?

Ms. Petersen?

MS. PETERSEN: 15 minutes, Your Honor.

THE COURT: Mr. Hanson?

MR. HANSON: 15 would be fine.

THE COURT: Mr. Eirinberg?

MR. EIRINBERG: I'd prefer 20 if I can get it, but otherwise 15 is all right.

THE COURT: Mr. Walter?

MR. WALTER: 15 is fine for me.

THE COURT: I'll give 20 per side, and if you use less, that's fine.

The Court did send the proposed preliminary instructions. Does anyone have any changes or corrections to the preliminary instructions that you're requesting?

MS. PETERSEN: No, Your Honor.

MR. EIRINBERG: Mr. Salamo has no objections.

THE COURT: Mr. Hanson?

MR. HANSON: No objections.

THE COURT: Mr. Walter?

MR. WALTER: No objections.

THE COURT: This case also includes a forfeiture count. And in many cases that I've had the defendants have agreed that if they're found guilty on the offenses that are charged that they would just agree to forfeit without having that issue resubmitted to the jury. If the defendants don't agree to that, then the jury makes a determination with regard to the conspiracy to distribute count, if they find the

defendant guilty, after they've returned their verdict. Both sides are able to present more evidence if you want, or you can rely on the evidence that's been presented during the trial. I would give further instructions to the jury and send them back to determine the forfeiture count. So I wanted to see what the defendants want in this instance. Are you willing to agree that, if you're found guilty on the conspiracy count, that you would forfeit your interest in the items that were listed in the indictment; or would we have that second trial phase then?

Mr. Hanson?

MR. HANSON: I do not see any items in the indictment on the forfeiture that concern my client. It appears that -- maybe I'm wrong -- but it's all against Mr. Eirinberg's client.

MR. WALTER: That was my understanding also.

THE COURT: Mr. Eirinberg?

MR. EIRINBERG: Yes. My client would object to, you know, waiving the forfeiture. He's already preserved, I think, as the first time around that was alleged. He's already sent the material into the government and preserved his right to ask for his property back.

THE COURT: All right. Then in the event that your client does go to trial and is found guilty on the conspiracy, we will have the second phase to have the jury to determine

forfeiture.

MR. EIRINBERG: If that's an entirely -- if that's up to the jury to entirely decide, I mean, again, I think my client did what he needed to do. But yes. If the jury is going to do it, then yes.

THE COURT: It is a jury determination, so you would need to be prepared for that part of the trial.

MR. EIRINBERG: Okay.

THE COURT: There are a number of motions that have been filed, so I'll take those up next.

First at Docket 260 the government made a motion in limine. The first one is to preclude reference to penalty or punishment.

Any objection, Mr. Hanson?

MR. HANSON: No.

THE COURT: Mr. Eirinberg?

MR. EIRINBERG: No.

THE COURT: Mr. Walter?

MR. WALTER: No.

THE COURT: That's granted.

The second one is to preclude reference to opinion as to guilt or innocence.

Any objection, Mr. Hanson?

MR. HANSON: I didn't hear the last part.

THE COURT: To preclude opinion as to guilt or

innocence.

MR. HANSON: No. I have no objection.

THE COURT: Mr. Eirinberg?

MR. EIRINBERG: None.

THE COURT: Mr. Walter?

MR. WALTER: No objection.

THE COURT: The motion is granted. Obviously the attorneys, in their opening and closing statements, can argue that their defendant is not guilty. And if the defendants testify, they can state that they're not guilty. But other than that, it's granted.

The third motion in limine is to preclude reference to matters required to be raised by pretrial motion.

Any objection, Mr. Hanson?

MR. HANSON: I have no idea what could pop up during the trial. And if it's something that we never saw or anticipated, I think we're entitled to argue it. But other than, like, suppression or *Miranda*, no, I have no objection, unless all of a sudden there's some sort of surprise.

THE COURT: Mr. Eirinberg?

MR. EIRINBERG: I'd agree with Mr. Hanson.

THE COURT: Mr. Walter?

MR. WALTER: I agree with Mr. Hanson.

THE COURT: So I'm going to grant the motion. In the event that there is something that isn't anticipated, you

need to ask for a hearing outside of the presence of the jury before you can bring that up, and I'll reconsider at that point.

Number 4 is a motion to preclude reference to government's charging decisions in this matter.

Any objection, Mr. Hanson?

MR. HANSON: Well, I think we're free to argue, you know, in our closing argument that in this case here someone testified but they weren't charged; and does that influence their testimony, the fact that they're not being charged in this case.

As far as, you know, me -- I viewed the motion as that I can't argue that there's some kind of vindictive charging going on with the U.S. Attorney's Office or that they're charging out of spite or to get even.

THE COURT: Mr. Eirinberg?

MR. EIRINBERG: I don't think that will happen with the government, but I otherwise agree with Mr. Hanson.

THE COURT: Mr. Walter?

MR. WALTER: I agree with Mr. Hanson. That's kind of how I took the motion also. So with that caveat, I have no objection.

THE COURT: So defendants are free to argue that a witness's testimony might be biased in the sense that they weren't charged and other people were charged. That's certainly proper. Other than that, I'm going to grant the

motion in limine.

Number 5 is a motion to prohibit the investigator to sit at counselor table. Any objection?

Mr. Hanson?

MR. HANSON: I do not plan on having someone, other than my client, sitting at counsel table.

THE COURT: So I think this request is for the government's case agent to sit at counsel table for the government.

MR. HANSON: I don't care if he sits there.

THE COURT: Mr. Eirinberg?

MR. EIRINBERG: Yeah, of course. The same.

MR. WALTER: No objection.

THE COURT: Then I'm going to grant the request for the case agent to sit at counsel table.

Number 6, the government moves to sequester witnesses.

Any objection?

MR. HANSON: No.

THE COURT: Mr. Eirinberg?

MR. EIRINBERG: No.

THE COURT: Mr. Walter?

MR. WALTER: No objection.

THE COURT: That's granted.

Number 7 is to preclude evidence or

argument relating --

MR. HANSON: Your Honor, with regard to that --

No. I've got nothing to say. No. I'll rethink it if it's something pops up. I'll bring it before -- well before the trial.

THE COURT: All right. Thank you.

Number 7 is to preclude evidence or argument relating to the jury's power of nullification.

Mr. Hanson, any objection?

MR. HANSON: I'm not planning on arguing that the jury can run wild.

THE COURT: Mr. Eirinberg?

MR. EIRINBERG: Same, Your Honor.

MR. WALTER: No objection, Your Honor.

THE COURT: That's granted.

Number 8 is to preclude evidence of any plea negotiations.

Any objection?

MR. HANSON: No.

THE COURT: Mr. Eirinberg?

MR. EIRINBERG: What type did you say as far as what you would preclude?

THE COURT: Plea negotiations.

MR. EIRINBERG: Yeah. I don't think that's appropriate to put in front of the jury.

THE COURT: Mr. Walter?

MR. WALTER: No objection.

THE COURT: Then that's granted.

And Number 9 is to preclude reference to Trooper Cody Jansen's civil case. Any objection?

MR. HANSON: I knew nothing about it. I don't plan on learning anything about it.

THE COURT: Mr. Eirinberg?

MR. EIRINBERG: Agree.

THE COURT: Mr. Walter?

MR. WALTER: I knew about it, but I didn't plan on bringing anything up like that.

THE COURT: Then I'm going to grant the motion in limine. It does not appear to be relevant information.

Next I'm taking up Mr. Spider's motions in limine. They're at Docket 181. The first motion is for an order prohibiting the prosecution or any prosecution witnesses from making any reference to the defendant's past felony convictions unless used for impeachment purposes.

MR. HANSON: Your Honor, this kind of ties in, and I don't know if you want to argue it later. The state had filed a notice of intent to put forth my client's past convictions as 404(b) evidence.

THE COURT: I was going to say that, if you'd just hold on a second.

That this ties in with the second motions in limine

where the defendant has made a motion to preclude evidence under 404(b) that the government has given notice of. The government, in its notice, is offering two prior convictions, one dated April 12th of 2011 and one dated May 5 of 2015. And both of them are convictions for conspiracy to distribute a controlled substance. So to reach the issue of whether the first motion in limine under the first set should be granted, I have to take up the 404(b) issue first.

Since the government is the proponent of the evidence, I'll hear from Ms. Petersen first.

MS. PETERSEN: Your Honor, we would primarily rely upon our brief that was filed at DOC Number 229 within this case regarding the briefing of the 404(b) evidence for Mr. Spider's prior two convictions. Overall, Your Honor, I would just note that these are -- since Mr. Spider has put in a not guilty plea and is putting every element at issue in this trial, the government has that burden of meeting every element, specifically to show that he had the intent to do this, he had the knowledge, specifically the knowledge of conspiracy to distribute methamphetamine. These prior two convictions do show that. I understand that one of those convictions is from an earlier time, that 2011 conviction. However, we do think that time is barred, given that he was put into a prison sentence, and then he was on supervised release for a period of time after that prison sentence, and

then following up with his second conviction for the same type.

I would note that both convictions are out of the Central District of South Dakota where --

THE COURT: It's the Central Division.

MS. PETERSEN: Sorry. Excuse me. Central Division of South Dakota. I would note that the alleged facts in this case and in this conspiracy are that Mr. Spider was again distributing methamphetamine in that same area of South Dakota. It appears he has a clear pattern of continuing to distribute methamphetamine throughout that area of South Dakota, and we do believe that it would be permitted to enter both of these convictions to show his pattern of conduct, his knowledge, and lack of mistake in this case. Thank you.

THE COURT: And would you be offering just the judgments or something else?

MS. PETERSEN: I just have certified copies of the judgment, Your Honor. So we would only state that Mr. Spider has -- is pleading guilty to Count 1 of the indictment, and for each of them it is conspiracy to distribute and possess with intent to distribute a controlled substance.

THE COURT: Mr. Hanson?

MR. HANSON: Well, Your Honor, I filed a brief in this case, and I rely on that. But in this case I think the Court also has to look at Rule 403 also in making any decision

on this.

Plain and simple, it's our position the main reason the government wants to introduce these convictions is to prove Mr. Spider's character, show that he's a bad person, in the past he was involved in distribution of controlled substances and must be guilty here. And that's what 404(b)(1) prohibits.

Now, they cannot be admitted under 404(b)(2) because they do not show motive, opportunity, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. We know nothing about those prior convictions. We do not know if it involves a one-time sale of 5 grams of methamphetamine to someone, or did it involve 50 pounds of methamphetamine to someone? We don't know. And if the Court just allows this conviction to come in, then it's forcing Mr. Spider to put on evidence to show what took place, to show that they're not related to this. And unless the government -- and we've received no discovery, no reports, on those cases, no nothing about what took place on them as to how it is related. I mean, was there a complex drug-trafficking organization? Was it a one-time sale? Was it a one-time sale of a small amount? And we don't know anything about it. We don't know if there were multiple customers or anything. And, you know, under 404 -- excuse me -- 403, any probative value, that's outweighed by the unfair prejudice, and that's

what's going to happen in this case. My client is going to be unfairly prejudiced. The jury is going to have a conviction thrown out, and it's forcing him, then, to defend those prior convictions or explain what happened, which is a complete waste of time and distracts the jury from the issue, which is, was he involved in this conspiracy. And, plain and simple, the government wants to introduce this evidence to show that my client is a bad person. And that's prohibited under 404(b)(1).

Now, they want to claim that it's got to do with motive, opportunity, preparation of plan. And they cite the case of *United States v. Buckner*. Well, the *Buckner* case was a case where the defendant in that case was charged with being a felon in possession of a firearm. And they -- the government in that case introduced evidence that Mr. Buckner had been previously convicted of being a felon in possession of a firearm, and it went to knowledge; that he knew that if you're a felon you cannot possess a firearm. And that's kind of a unique situation in that case. They're not trying to show anything here. And in that case it's quite simple. I mean, he had possessed a firearm in the past and knows that it's illegal in this case here.

They also want -- the government cited the case of *United States v. Jackson*. But if you read *Jackson*, besides the convictions, the government there -- and it looks like they must have done some discovery in advance -- brought out

actual testimony during the trial to show how these previous drug convictions, the fact situations and what took place, matched up with what took place in the current case. And in this case we have received absolutely no discovery at all about these prior convictions. We don't know how they would match up or anything. And that's putting Mr. Spider at a severe disadvantage. And in this case here, you cannot overlook the fact that the jury is going to convict him just on the fact that he's been convicted in the past; therefore, he must be convicted here in the future. And in this case I would ask that the Court not allow this.

And you also have the confusion here that if the jury hears he was part of the conspiracy in the past, this here might be the same conspiracy. Thank you.

THE COURT: Here the defendant is charged with conspiracy to distribute a controlled substance: methamphetamine. He's entered a general denial to the charges. As a result, his knowledge and intent are placed at issue.

He has two prior convictions, one dated April 12th of 2011, and one dated May 5 of 2015. Both of those prior convictions are for conspiracy to distribute a controlled substance: methamphetamine.

Under Rule 404(b), evidence is admissible to show things like intent, knowledge, absence of mistake, lack of

accident, motive, opportunity. Because the defendant's knowledge and intent are at issue here, and the prior convictions are for the exact same conduct as is charged here, I find that it is relevant, has significant probative value to prove intent and knowledge, also to prove pattern of conduct, motive, opportunity, but primarily to prove intent and knowledge. And I find that it's close enough in time to maintain that probative value, especially in light of the fact that the defendant was placed on supervised release January 19th of 2018. The conduct alleged in this indictment starts in 2023.

So considering all of those things, I find that the evidence is admissible under 404(b). I also find that its probative value outweighs any unfair prejudice to the defendant.

So the second set of motions in limine at Docket 242, which is to preclude the government from offering evidence under 404(b), is denied.

The first motion in limine under the first set of motions in limine at Docket 181 is to preclude reference to the defendant's past felony convictions unless used for impeachment purposes. For those same reasons, that's also denied.

MR. HANSON: Your Honor, one point here. If the Court is going to allow the past convictions in under 404(b) to,

you know, show identity, motive, preparation, plan, then I believe the government cannot then say, "Well, Mr. Spider is a past felon," to convict him because he's a felon. I don't think they can make an argument that "Once a felon, a felon now." I think those convictions can just be brought in for a limited purpose, if the Court is going to allow it.

THE COURT: Ms. Petersen?

MS. PETERSEN: That is my intent, Your Honor.

THE COURT: So assuming that that's an oral motion in limine, it's granted. The government can't make an argument that somebody is guilty because they were a prior felon. And because I am admitting 404(b) evidence, Mr. Hanson, if you want to propose a limiting instruction on how the jury can consider that evidence, I'll consider that also.

MR. HANSON: It's sitting on my desk.

THE COURT: Okay.

The defendant also, in the first set of motions in limine at Docket 181, Number 2, moves to preclude any questioning of the defendant about past felony convictions; that it be limited to the conviction and not any testimony as to what the conviction was for.

Mr. Hanson, is that still what you're asking?

MR. HANSON: In this case, let's assume that on Friday my client decides, you know, in the trial to testify. If he

takes the stand, I believe the government can say -- ask him "Is it true that on such and such date you were convicted of a felony?" I do not believe, if you're going to allow this testimony to come in on these past, you know, to show preparation, motive, that we can go in and cross-examine him, then, about the facts of that case. I don't think the government can go in and bring out that this and this, this, did that happen in these past ones and basically go back to relitigating them.

THE COURT: Ms. Petersen?

MS. PETERSEN: I only intend to ask on cross, Your Honor, whether or not Mr. Spider does have two prior felony convictions for conspiracy to distribute a controlled substance.

THE COURT: Under Rule 404(b), because the evidence is being admitted to show intent and knowledge, primarily, the government would be able to put on more evidence than just the judgment of conviction. It's not just being used for impeachment purposes. It's being used in the government's case in chief. But it sounds like the government doesn't plan to offer anything more than the judgments of conviction.

So I'm going to grant the motion at this time that it be limited to the judgments of conviction. If something else becomes relevant, the government would need to ask for a hearing outside the presence of the jury before it's offered.

Mr. Hanson, does that address all of your motions in limine, then?

MR. HANSON: Yes. I believe so. I didn't put it, because I've never had any problem with it, but I guess I'd ask that my client be allowed to wear civilian clothes and not be --

THE COURT: There's a standing order for this court, so you don't need to make a motion regarding that. It's already a standing rule within this court.

Anything else?

MR. HANSON: No.

As long as the marshals are here, do you want me to bring the clothes to your office?

U.S. MARSHAL: Yes.

THE COURT: Next I'll take up the motions from Defendant Jesus Salamo-Roche.

The first one is at Docket 248. It's a motion for discovery of jury research conducted by the government.

Ms. Petersen, any objection?

MS. PETERSEN: No, Your Honor.

THE COURT: Then that's granted.

At Docket 249, motion for disclosure of witness inducement.

Any objection?

MS. PETERSEN: No, Your Honor.

THE COURT: That's granted.

250, motion for disclosure of impeaching information.

Any objection?

MS. PETERSEN: No, Your Honor.

THE COURT: I did have a question, Mr. Eirinberg. Item Number 3 on the second page asks for information in relation to a federal robbery case. This case is a conspiracy to distribute drugs. I wasn't sure why you were asking the government about information in relation to a federal robbery case.

MR. EIRINBERG: Just so the jury doesn't consider something that shouldn't be discussed to begin with. It is not related to drug distribution. It seems to be purely for, you know -- to convince the jury my client is a bad person because of that.

THE COURT: So you asked for the existence and identification of each occasion in which a government witness has testified before any court, grand jury, or other tribunal or body in relation to a federal robbery case.

MR. EIRINBERG: Yeah. I have nothing else to add, Your Honor.

THE COURT: All right. The motion is granted as it's written.

Docket 251 is a motion for disclosure of other bad acts evidence.

The government did give notice of 404(b) for the other two defendants but not Mr. Salamo-Roche. So you have no 404(b) evidence that you're offering regarding him. Is that correct?

MS. PETERSEN: Correct, Your Honor.

THE COURT: Any objection to the motion?

MS. PETERSEN: No, Your Honor.

THE COURT: Then that's granted.

At Docket 264 the defendant made a motion in limine regarding miscellaneous matters. The first one is to preclude the government or any of its witnesses from making any comment as to whether the defendant takes or does not take the stand in his own defense.

Any objection?

MS. PETERSEN: No, Your Honor.

THE COURT: That's granted.

Number 2 is to preclude the government attorneys from informing the jury that any government witness, immunized or not, has no reason to lie in that witness's testimony.

Any objection?

MS. PETERSEN: No, Your Honor.

THE COURT: That's granted.

Number 3 is to preclude the government or any witness from making any comment regarding

Mr. Salamo-Roche's previously exercising his constitutional right to remain silent when questioned by a law enforcement agent.

Any objection?

MS. PETERSEN: No, Your Honor.

THE COURT: That's granted.

Number 4 is for an order precluding the government or any witness from making any comment as to whether the defendant takes or does not take the stand.

Any objection?

MS. PETERSEN: No, Your Honor.

THE COURT: That's granted.

Number 5 is to prohibit the marshals employees from making the defendant wear arm or leg restraints or prison clothes or uniform anywhere near the presence of the actual jurors.

First of all, there is a standing order that deals with the attire of the defendant. If you want him to wear something other than his prison garb, you need to bring it to the marshals at least the day before the trial begins.

Regarding arm or leg restraints, there's also a standing order that the marshals are not to allow the jury to be able to see the defendant with arm or leg restraints. Because it's already covered by a standing order, I am denying it as moot.

MR. EIRINBERG: That was Number 4?

THE COURT: That was Number 5.

Number 6, the Court should prohibit the use of any statement allegedly made by an indicted or unindicted coconspirator during the course and in furtherance of the alleged conspiracy unless I have a hearing outside of the presence of the jury first.

Ms. Petersen, any objection?

MS. PETERSEN: No, Your Honor. We intend to comply with Federal Rules of Evidence 801(d)(2)(E).

THE COURT: Will you be offering any statements of co-conspirators that would have been hearsay except that it was during the furtherance of the conspiracy?

MS. PETERSEN: In furtherance of the conspiracy, yes, Your Honor, we would.

THE COURT: Okay. So then you need to have a hearing outside of the presence of the jury before they're offered.

MS. PETERSEN: Correct.

THE COURT: So it's granted.

Number 7 is to sequester witnesses. I assume the government doesn't object since you made a similar motion.

MS. PETERSEN: Correct, Your Honor.

THE COURT: That's granted.

Number 8 is for a limiting instruction to the jury to

inform them that the government's lead agent, by the mere act of sitting at counsel table, does not and cannot increase his credibility. Any objection?

MS. PETERSEN: No, Your Honor.

THE COURT: So that's granted.

Mr. Eirinberg, you should propose whatever language you're asking for in an instruction.

MR. EIRINBERG: I'm sorry?

THE COURT: You're asking for a limiting instruction. You need to propose what language you're asking for.

MR. EIRINBERG: Well, I think --

THE COURT: You need to file a proposed instruction with the language that you want me to read.

MR. EIRINBERG: Okay.

THE COURT: There's one more motion that Mr. Eirinberg made dealing with expert testimony that I'll take up separately.

But other than that motion, Mr. Eirinberg, does that address all of the motions in limine that you wanted to raise?

MR. EIRINBERG: As to my knowledge.

THE COURT: So next I'll take up the 404(b) issue regarding Mr. Brunsting.

The government filed a 404(b) notice, and the defendant responded, arguing that the prior convictions are

too remote in time.

So, Ms. Petersen, if you could start by identifying exactly what 404(b) evidence you would be offering.

MS. PETERSEN: Yes, Your Honor.

There are numerous prior convictions for Mr. Lance Brunsting in this case that we have noticed up. Specifically laid out within our notice, as well as in the attachments, we have a prior conviction for possession of a controlled substance, methamphetamine, and manufacturing a controlled substance out of Jefferson County Combined Court in Colorado. That is Case Number 2004CR3544.

There is another conviction for possession of controlled substance out of Arapahoe, A-R-A-P-A-H-O-E, County District Court, Centennial, Colorado. That's Case Number 2004CR2008.

A possession of controlled substance out of Adams County Combined Court out of Colorado, and that is Case Number 2004CR2135.

THE COURT: So are you offering the entire judgment?

MS. PETERSEN: Certified copies of the judgment for each one of those convictions, Your Honor, yes.

THE COURT: Because I'm looking at the copy of the judgment. It includes a lot of other offenses other than the controlled substances that you've identified.

MS. PETERSEN: I agree, Your Honor. We'd be willing to insert redactions for those, of course.

THE COURT: So I'm looking at the attachments to your motion. I just want to make sure I'm understanding which ones you're offering. It's the very first one, which would be at 247-1. Is that right?

MS. PETERSEN: Are you saying the Docket Number? Because I have them listed as 245-1.

THE COURT: I am saying the docket number. What I'm looking at is what's attached to Docket 247, which is the 404(b) notice regarding Lance Brunsting.

MS. PETERSEN: For some reason I must have a different number on here. But we can continue. Dash 1 is -- that so we're on the same page.

THE COURT: So pages 1 and 2 of --

MS. PETERSEN: Correct.

THE COURT: And then 247-2 pages -- page 12 of 12 is the Arapahoe County conviction?

MS. PETERSEN: Correct, Your Honor.

THE COURT: And then 247-3, page 1 of 1, is the Adams County conviction?

MS. PETERSEN: Yes, Your Honor.

THE COURT: So those are the three that you would be offering?

MS. PETERSEN: Yes.

THE COURT: Okay. In redacted form?

MS. PETERSEN: Correct, Your Honor.

THE COURT: Now that I know what we're talking about, would you like to make your argument?

MS. PETERSEN: Yes, Your Honor. Thank you.

I understand opposing counsel's major argument is that these convictions are too remote in time. However, I would just reiterate my same arguments for Mr. Spider with regards to intent, motive, opportunity, lack of mistake or accident, and knowledge would also mirror my arguments for admissibility of these prior convictions for Mr. Brunsting.

As far as too remote, I do understand that these convictions came from approximately almost 20 years ago at the time that Mr. Brunsting is committing the alleged offense. However, I would note that there are exceptions, just because a sentence is long, that we still can take into consideration the sentence imposed for Mr. Brunsting. He was given a significant prison sentence for those convictions in 2004, and he was released from custody and placed on parole in 2001 -- 2021 -- excuse me. The alleged conduct that he is engaging in in this case is taking place in 2023, just two years after he is out of prison for the same type of conduct.

For these reasons, Your Honor, we do not believe it is too remote in time. There are numerous exceptions within the Eighth Circuit to take into account that time that has

passed from that sentence, specifically if there's a prison sentence imposed, as well as if the individual is placed on any sort of parole or supervised release. And in this case Mr. Brunsting was on parole for these convictions at the time of this offense.

THE COURT: I'd like to ask a question regarding the Jefferson County, Colorado, judgment. Is page 2 the -- part of that same judgment?

MS. PETERSEN: I believe so, Your Honor. The top of page 2, it looks like it does have the same case number with it.

THE COURT: And it's dated in 2013?

MS. PETERSEN: I recognize those dates, Your Honor. I could not tell you why we have that date there. In my review of the entire record of all of these cases, he was sentenced to have them run concurrent all together at once.

THE COURT: So they all happened in 2004? The offense conduct was in 2004?

MS. PETERSEN: Yes, Your Honor.

THE COURT: Okay.

Mr. Walter?

MR. WALTER: Thank you, Your Honor.

Judge, I believe the reason there might be a 2013 on some of the documents, my client had applied for some post-conviction relief, and so that's why that number might be

there.

As Mr. Hanson stated, I don't have any discovery on any of those convictions, so I don't know what the underlying facts are. And I think that's important. It's my understanding one of the possession convictions dealt with a gram or less than a gram of methamphetamine. Unlike Mr. Spider's case, this isn't a conspiracy, two conspiracies. It's a couple of possession cases that are, as of now, 21 years old. They are remote. I think as the *Hawk* case talked about, is we can't let this stuff come in to show that my client, because he had some methamphetamine possession convictions, has a propensity to commit the current offense that he's facing. We are talking 21 years. I understand that the test was that if it's more than 13 years the Court has to look at it a little bit different and do a reasonableness test.

But, again, I'm not in a position to argue facts to show you why they are or aren't similar to this case, and the state hasn't done that in their filing. And due to the remoteness of the convictions and the fact that they're possessions, not conspiracy, I would ask the Court not to allow them to be used as 404(b) evidence.

I understand if my client testifies that that would change the analysis. At this point in time my client doesn't plan on testifying. But I would ask the Court to deny the state's motion.

THE COURT: Here the United States has charged the defendant with conspiracy to distribute controlled substances, methamphetamine. And the offense conduct occurred starting in 2023, according to the indictment. The government is offering three prior convictions that are more than 20 years old, and all of the convictions deal with possession of controlled substances, not conspiracy to distribute controlled substances. The defendant may have been incarcerated for significant parts of the 20-year time period and may have been on parole, but in light of the fact that these were possession convictions and they're more than 20 years old, the evidence to show intent or knowledge would be pretty limited. I think the probative value is limited. And because they're prior convictions, there isn't a chance of unfair prejudice to the defendant. And especially since they're not convictions for conspiracy to distribute drugs, I think that also shows less intent or knowledge on the defendant's part with regard to his new charge of conspiracy to distribute controlled substances.

So I find that they're not admissible under 404(b); and even if they were, that the probative value would be outweighed by the unfair prejudice to the defendant. So I'm not going to allow in the 404(b) evidence of prior convictions of Mr. Brunsting.

The government gave notice that it intended to offer

evidence under Rule 609 if the defendants testify.

With regard to Mr. Spider, they gave notice of a prior conviction for conspiracy to distribute a controlled substance and conspiracy to distribute and possess with intent to distribute a controlled substance, and I've already found that these are admissible under 404(b).

But even if the government -- if the government didn't offer them under 404(b), does the defendant have an objection to them being offered if the defendant testifies as impeachment evidence?

MR. HANSON: With regard to Mr. Spider, I raised my objections to, you know, coming in under 404(b). It would be my argument that if he testifies he can only be asked "Have you been convicted of a felony?" and not go into it.

THE COURT: Ms. Petersen, if you don't offer it as 404(b) evidence and he testifies and you're using it for impeachment purposes, do you have any objection to just referring to the fact that he has two prior felonies?

MS. PETERSEN: No, Your Honor.

THE COURT: Okay.

And then Mr. Brunsting. There's a number of prior convictions for him. If he does testify, Mr. Walter, is there any objection to him -- the government impeaching him with his prior convictions?

MR. WALTER: With the same caveat that was just

mentioned with Mr. Hanson, that he's got prior convictions and when and where it was, then I would not.

THE COURT: Any objection to that, Ms. Petersen?

MS. PETERSEN: No, Your Honor.

THE COURT: Then I find that the fact that he has prior convictions and when and where those convictions were would be admissible.

The government gave notice of intent to offer evidence under Rule 611(a) and 1006. So it's records dealing with the vehicle tracker and the records dealing with the pole camera footage. Any issues there?

MR. HANSON: Your Honor, no. From what I understand and what I've seen in past cases, I assume it's going to be a summary of phone calls and, you know, messages put into a form that could be digested by people. And I believe from the discovery that I've obtained that they're going to show some map with certain roads put in a color to show that a tracking device shows that my client used this certain route while he drove. No, I don't have any objection. I'd just ask that before any of them are brought up that we be given them so we can look at them.

THE COURT: Mr. Eirinberg?

MR. EIRINBERG: Same, Your Honor.

THE COURT: Mr. Walter?

MR. WALTER: Same, Your Honor.

THE COURT: So it sounds like no one has an objection, but you need to provide whatever the summaries are before the trial begins so that the defense attorneys have an opportunity to review them and go over them with their client.

MS. PETERSEN: We will do that, Your Honor.

THE COURT: Can you do that no later than Friday before trial?

MS. PETERSEN: I would actually anticipate everything being turned over to opposing counsel by the end of today.

THE COURT: Great.

The government has given notice of a number of expert witnesses. The first one is Brandon Purcell.

Are there any objections regarding -- or any issues you want to bring up regarding Agent Purcell's proposed expert witness testimony?

MR. HANSON: Yes, Your Honor. In these cases I have no objection to, after the foundation has been laid, that the agent has knowledge and testifies that when we investigate drug cases we look for this or we look for that and point out what they believe the evidence would be in a drug case. However, I would object to any attempt to get the agent to -- and this would apply to any of the agents who they want to bring in as expert witnesses -- to give an opinion as to guilt

or innocence or whether what took place here is a drug-trafficking organization.

The analogy that I'd make is in a personal injury case you call the doctor in and he testifies that he's examined, treated the patient, reviewed records, and is asked, "Do you have an opinion as to what caused the injury?"

"Yes, the rear-end collision on such and such date."

But the doctor is not allowed to answer the definitive question: Was the defendant negligent?

And in this case I would object to any attempt to get the agent to say "In my opinion what took place was a drug-trafficking organization." Because there you are making the ultimate decision. You're making the decision the defendant was negligent. You're making the decision the defendant was guilty. I believe they can just give an opinion as to what might constitute a drug-trafficking organization and let the jury decide whether my client was part of that drug-trafficking organization.

THE COURT: Mr. Eirinberg?

MR. EIRINBERG: Yes. I think that's completely logical, so I also take that position.

I would also like to add a potential problem. If my client goes to trial, Agent Purcell did an interview of my client, and it was taped. And the evidence I've received from the government I think is a faulty tape. It has lots of problems

with lots of inaudible sections. And I would like to see or -- and listen to the original tape itself rather than what allegedly happened in conversation with my client.

THE COURT: Mr. Walter?

MR. WALTER: I agree with Mr. Hanson relative to not allowing ultimate opinion. Otherwise, no objection.

THE COURT: Ms. Petersen?

MS. PETERSEN: Agent Purcell certainly will not be going into ultimate opinion, Your Honor. As stated in the notice, he would be offering testimony that certain items or language used within the wiretap calls or in text messages between co-conspirators is consistent with, in his training and experience, a drug conspiracy taking place. But we'd be consistently using that language "this is consistent with." The same with any amounts of methamphetamine that were located or any sort of drug paraphernalia or items, again consistent with drug distribution.

THE COURT: So it appears that there aren't any significant issues regarding Agent Purcell's qualifications to give an expert opinion, so I find that he can. He can't give an opinion on whether the defendants are guilty or not guilty, and he can't give an opinion that goes to the ultimate issue of whether this is a drug-trafficking organization. He can certainly describe what would constitute what would be evidence of a drug-trafficking organization.

And I assume that with regard to the interview tape that if Mr. Eirinberg wants to come over to your office and listen to the original that it will be available to him.

MS. PETERSEN: It's been made available to him this entire time.

THE COURT: So you just need to go to their office and you can listen to it.

MR. EIRINBERG: Yeah. I know the government has made a tape of it. I don't know if there's any difference between what they did and whether there's something else that I would hear in looking at the actual original tape. There's just lots of parts I couldn't understand.

THE COURT: You need to talk with the government about it.

MR. EIRINBERG: Yes.

THE COURT: The United States gave notice regarding Lona Haas-Boyer. Any issues dealing with her expert witness?

MR. HANSON: I believe she's a chemist. And, no, I have no objection.

THE COURT: Mr. Eirinberg?

MR. EIRINBERG: No objection.

THE COURT: Mr. Walter?

MR. WALTER: No objection.

THE COURT: Any issues dealing with Tolulope

Omosun?

MR. HANSON: I believe she also -- or he is a chemist. And I would have no objection if they are a chemist.

THE COURT: Mr. Eirinberg?

MR. EIRINBERG: No objection.

MR. WALTER: No objection, Your Honor.

THE COURT: Any issues dealing with Samantha Sierakowski?

MR. HANSON: Again, I'm assuming she's the chemist, and no objection.

MR. EIRINBERG: Same.

MR. WALTER: No objection.

THE COURT: Then the last issue was motion in limine filed by Mr. Eirinberg. And it's seeking an order -- says at Docket 263, to prohibit soliciting opinion testimony from its witnesses as to the modes of operation or common characteristics relative to distributing methamphetamine and/or fentanyl without having a hearing by the Court outside of presence of the jury first.

Mr. Eirinberg, maybe if you could describe in a little more detail what you think I need to have a hearing on.

MR. EIRINBERG: At the time I drafted this, I just thought it's what I know is insufficient as to what this person might say.

THE COURT: So are you talking about Agent Purcell or someone else?

MR. EIRINBERG: Yes. Agent Purcell.

THE COURT: And now that you've seen --

MR. EIRINBERG: I think he's the case agent listed by the government.

THE COURT: But this just says any expert witness, so I was trying to narrow down who you're talking about.

MR. EIRINBERG: No other witness.

THE COURT: So now that you've seen Agent Purcell's proposed expert witness testimony, is there anything in there that you think I need to have a hearing?

MR. EIRINBERG: I have nothing.

THE COURT: Okay. So the motion is denied based on our conversation about Agent Purcell's testimony.

Mr. Walter, did I miss any of your motions in limine?

MR. WALTER: You did not.

THE COURT: Is there anything else anybody wanted to bring up?

MR. WALTER: I just wanted to clarify, Your Honor. Due to my older age, I thought when we started today you said the trial would start on Monday March 29th.

THE COURT: 24th.

MR. WALTER: Then I misheard you, because that would not be the correct day.

THE COURT: If I said the 29th, I apologize. It's Monday the 24th at 1:00.

MR. WALTER: Thank you.

THE COURT: So one other thing with regard to exhibits. If both sides can provide a copy of any exhibits that you'll use in your case in chief to the other side, with exhibit numbers on them, no later than Friday at noon, the Friday before trial starts.

Ms. Petersen, do you know about how many exhibits you'll have?

MS. PETERSEN: Right now we have 86, Your Honor. I don't anticipate going over 100.

THE COURT: So if you use 1 through 100.

And then, Mr. Hanson, if you'd use 101 through 200.

Mr. Eirinberg, 201 through 300.

And, Mr. Walter, 301. And you can have as many as you want.

MR. WALTER: Thank you.

THE COURT: Is there anything else that anybody wanted to ask about or talk about today?

Mr. Eirinberg?

MR. EIRINBERG: Yes. When can we get -- assuming my client goes to trial, if he does, when can we look at the jury questionnaires?

THE COURT: They're available in the Clerk's Office.

MR. EIRINBERG: Any time then?

THE COURT: Yep. Actually I think they are emailed to you now. You can look at them on your email.

THE CLERK: There's a time thing, and it's a little early, so they probably haven't been emailed yet, but you'll get them by email.

THE COURT: You'll get them by email.

Mr. Hanson?

MR. HANSON: The only thing I want to bring up is -- I can't remember if it was Monday or Tuesday of this week -- I got a email that contained Matt Thomas's proffer. Mr. Walter told me he didn't get it. And I'm not sure if some people got something or if some people got something else. If the government could check and see what was emailed and what should have been emailed to everybody. I think it was on Tuesday that I got it.

MR. WALTER: What the problem is for me, Your Honor, is I was locked out of the USAFX, or whatever that's called. I emailed the U.S. Attorney's Office to ask them to unlock it or send me a password reset. I have not got that yet. I presume the last document that was sent to me was that proffer by the gentleman that Mr. Hanson spoke about. So I will work on that again. Hopefully we can get that fixed so I can get the discovery that was sent.

THE COURT: Ms. Petersen, maybe if you could just talk with them to make sure they're getting all the discovery.

MS. PETERSEN: I will do that, Your Honor.

THE COURT: Anything else?

MR. WALTER: No, Your Honor.

MR. HANSON: No.

MR. EIRINBERG: Well, just for purposes of my client, my client handed a document to me recently and requested more time for him to decide whether to plead guilty or go to trial. I assume the Court is going to reject that request, but I thought I would put it out there that I at least tried to tell the Court about it.

THE COURT: So are you asking me to do anything today?

MR. EIRINBERG: Just whether or not he has a certain amount of extra time, which would set the trial back, I assume.

THE COURT: We're not continuing the trial.

MR. EIRINBERG: Okay.

THE COURT: This has been set. We have interpreters coming. The witnesses are all lined up. There's been no good reason stated as to why the trial date should be continued.

Anything else?

MR. EIRINBERG: No.

THE COURT: Okay.

MR. WALTER: No, Your Honor. Thank you.

THE COURT: We'll see everybody in a little over a week.

MR. HANSON: Will that be on Monday at 1:00?

THE COURT: Yes.

(Proceedings concluded at 11:11 a.m.)

UNITED STATES DISTRICT COURT)
DISTRICT OF SOUTH DAKOTA : SS CERTIFICATE OF REPORTER
SOUTHERN DIVISION )

I, Carla Dedula, Official United States District Court Reporter, Registered Professional Reporter, Certified Realtime Reporter, and Notary Public, hereby certify that the above and foregoing transcript is the true, full, and complete transcript of the above-entitled case, consisting of pages 1 - 48.

I further certify that I am not a relative or employee or attorney or counsel of any of the parties hereto, nor a relative or employee of such attorney or counsel, nor do I have any interest in the outcome or events of the action.

IN TESTIMONY WHEREOF, I have hereto set my hand this 18th day of July, 2025.

/s/ Carla Dedula

CARLA DEDULA RPR, CRR, CRC
400 S. Phillips Avenue
Sioux Falls, SD 57104
Phone: (605) 330-6669
Email: carla_dedula@sdd.uscourts.gov
My Commission Expires: May 24, 2026

**Word Index**

**< Dates >**
**18th day of July, 2025.** 49:17
**April 12th of 2011** 17:4
**April 12th of 2011,** 21:20
**January 19th of 2018.** 22:9
**March 14, 2025** 1:14
**March 29th** 44:22
**March 29th,** 6:8
**May 24, 2026** 49:27
**May 5 of 2015.** 17:4, 21:21

**< 0 >**
**00** 6:8, 45:2
**03** 1:15, 5:1

**< 1 >**
**1** 6:8, 18:19, 32:13, 32:15, 32:20, 45:2, 45:13, 49:9
**10** 1:15, 5:1
**100** 1:33, 45:12, 45:13
**1006** 2:36, 38:9
**101** 45:14
**11** 2:5, 2:8, 48:7
**12** 2:11, 32:17
**13** 2:15, 7:9, 35:14
**14** 2:19, 2:22
**15** 2:25, 2:29, 8:25, 9:2, 9:5, 9:7
**16** 2:32, 3:3, 3:8
**181** 16:15, 22:20, 23:19
**181(1** 3:3
**181(2** 3:11
**1:00** 48:5

**< 2 >**
**2** 23:19, 27:17, 32:15, 34:7, 34:10
**20** 8:13, 8:17, 8:22, 9:4, 9:8, 33:13, 36:6, 36:12
**20-year** 36:9
**200** 45:15
**2001** 33:19
**2004** 33:18, 34:17, 34:18
**2004CR2008** 31:15
**2004CR2135** 31:18
**2004CR3544** 31:11
**201** 1:29, 45:16
**2011** 17:22
**2013** 34:12, 34:23
**2021** 33:20
**2023** 22:11, 33:21, 36:4
**21** 35:8, 35:13
**229** 17:12
**23** 3:11
**230** 1:45
**242** 3:8, 22:17
**245-1** 32:8
**247** 4:29, 32:10
**247-1** 32:6
**247-2** 32:17
**247-3** 32:20
**248** 3:16, 25:16
**249** 3:20, 25:21
**24th** 44:23, 45:2
**25** 3:16, 3:20
**250** 3:23, 26:1
**251** 3:26, 26:24
**26** 3:23, 3:26
**260** 11:11
**263** 4:23, 43:16
**264** 27:9
**264(1** 3:29, 3:46
**264(2** 3:34
**264(3** 3:40
**264(5** 4:3
**264(6** 4:8
**264(7** 4:15
**264(8** 4:18
**27** 3:29, 3:34, 3:40
**28** 3:46, 4:3
**28th** 6:23
**29** 4:8, 4:15, 4:18
**29th** 45:1

**< 3 >**
**3** 1:12, 26:6, 27:24
**3-CR-40100-2** 1:8
**30** 4:29
**300** 1:38, 45:16
**301** 45:17
**31** 7:9
**330-6669** 49:25
**335** 1:44
**38** 2:35
**39** 2:38

**< 4 >**
**4** 13:3, 28:7, 29:1
**400** 49:23
**403** 18:25, 19:24
**404** 19:24
**404(b** 3:9, 16:22, 17:2, 17:8, 17:13, 21:24, 22:13, 22:18, 22:25, 23:12, 24:14, 27:1, 27:3, 30:22, 30:24, 31:3, 32:11, 35:21, 36:20, 36:23, 37:6, 37:8, 37:12, 37:16
**404(b)(1** 19:7, 20:8
**404(b)(2** 19:8
**42** 2:41, 2:44
**43** 2:47, 4:23
**48.** 49:9
**4:** 1:8

**< 5 >**
**5** 14:2, 19:12, 28:13, 29:2
**50** 19:13
**505** 1:33
**509** 1:39
**515** 1:29
**57104** 1:34, 1:40, 1:46, 49:24
**57701** 1:30

**< 6 >**
**6** 1:8, 14:16, 29:3
**605** 49:25
**609** 37:1
**611(a** 2:36, 38:9

**< 7 >**
**7** 1:8, 14:25, 15:6, 29:21

**< 8 >**
**8** 15:15, 29:25
**801(d)(2)(e** 29:10
**86** 45:11

**< 9 >**
**9** 16:3
**9th** 1:33

**< A >**
**A-R-A-P-A-H-O-E** 31:13
**A.** 1:37
**a.m.** 1:15, 5:1, 48:7
**a/k/a** 1:14
**able** 10:2, 24:16, 28:23
**above** 49:7
**above-entitled** 49:9
**absence** 19:10, 21:25
**absolutely** 21:4
**accident** 19:11, 22:1, 33:10
**according** 36:4
**account** 33:25
**act** 30:1
**action** 49:14
**acts** 3:27, 26:25
**actual** 21:1, 28:16, 42:11
**Actually** 39:9, 46:3
**Adams** 31:16, 32:21
**add** 26:20, 40:22
**address** 25:1, 30:20
**administer** 6:2
**admissibility** 33:11
**admissible** 21:24, 22:13, 36:20, 37:6, 38:7
**admitted** 19:8, 24:15
**admitting** 23:12
**advance** 20:25
**age** 44:21
**Agent** 4:19, 14:8,

# Word Index


14:15, 28:3, 30:1, 39:16, 39:20, 39:23, 40:11, 40:23, 41:8, 41:19, 44:1, 44:3, 44:5, 44:10, 44:15
**agents** 39:24
**ago** 33:13
**Agree** 7:6, 7:13, 8:6, 8:19, 8:21, 9:22, 9:24, 10:7, 12:21, 12:23, 13:17, 13:19, 16:8, 32:1, 41:5
**agreed** 9:21
**alleged** 4:11, 10:20, 18:7, 22:10, 29:6, 33:14, 33:20
**allegedly** 29:4, 41:2
**allow** 8:10, 21:11, 22:25, 23:6, 24:3, 28:22, 35:21, 36:23
**allowed** 25:5, 40:8
**allowing** 41:6
**allows** 19:15
**almost** 33:13
**already** 10:19, 10:20, 25:8, 28:24, 37:5
**alternate** 7:10
**America** 1:7, 5:4
**amount** 19:22, 47:16
**amounts** 41:15
**analogy** 40:3
**analysis** 35:23
**and/or** 43:19
**answer** 40:8
**anticipate** 39:9, 45:12
**anticipated** 12:17, 12:25
**anybody** 44:18, 45:20
**apologize** 45:1
**appear** 16:13
**APPEARANCES** 1:25, 5:6
**appearing** 5:14
**appears** 10:13, 18:10, 41:18
**applied** 34:24
**apply** 39:24
**appropriate** 15:24
**approximately** 33:13
**Arapahoe** 31:13, 32:18
**area** 18:9, 18:11
**argue** 12:8, 12:17, 13:6, 13:12, 13:22, 16:20, 35:16
**arguing** 15:9, 30:25
**argument** 2:25, 13:7, 15:1, 15:6, 23:4, 23:11, 33:4, 33:6, 37:13
**arguments** 33:8, 33:10
**arm** 4:4, 28:14, 28:21, 28:23
**around** 10:20
**asks** 26:6
**assume** 23:24, 29:21, 38:13, 42:1, 47:10, 47:17
**assuming** 23:9, 43:10, 45:24
**attached** 32:10
**attachments** 31:7, 32:3
**attempt** 39:23, 40:10
**attire** 28:18
**Attorney** 1:27, 3:35, 13:13, 46:20, 49:12, 49:13
**attorneys** 7:13, 12:8, 27:17, 39:3
**available** 42:3, 42:4, 46:1
**Avenue** 1:38, 1:44, 49:23

**< B >**
**back** 10:5, 10:22, 24:8, 47:16
**bad** 3:26, 19:4, 20:8, 26:14, 26:24
**barred** 17:23
**based** 44:14
**basically** 24:8
**becomes** 24:24
**begin** 26:12
**begins** 28:20, 39:3
**behalf** 5:10
**believe** 18:12, 23:2, 24:1, 24:3, 25:3, 33:23, 34:9, 34:23, 38:16, 39:22, 40:15, 42:19, 43:2
**besides** 20:23
**best** 6:20, 6:21
**biased** 13:23
**bit** 35:14
**body** 26:19
**Brandon** 2:39, 39:14
**brief** 17:12, 18:23
**briefing** 17:13
**bring** 13:2, 15:4, 24:7, 25:12, 28:19, 39:16, 39:25, 44:19, 46:10
**bringing** 16:11
**brought** 20:25, 23:5, 38:20
**Brunsting** 1:16, 1:43, 1:48, 4:30, 5:5, 5:15, 30:23, 31:6, 32:11, 33:11, 33:14, 33:17, 34:4, 36:24, 37:21
**Buckner** 20:11, 20:14
**burden** 17:17

**< C >**
**call** 40:4
**called** 46:20
**calls** 38:14, 41:11
**camera** 38:11
**care** 14:10
**CARLA** 49:5, 49:22
**carla_dedula@sdd.uscourts.gov** 49:26
**cases** 9:20, 19:19, 34:15, 35:8, 38:13, 39:18, 39:21
**caused** 40:6
**caveat** 13:20, 37:25
**Centennial** 31:14
**Central** 18:4, 18:5, 18:6
**certain** 38:17, 38:19, 41:10, 47:16
**certainly** 13:25, 41:8, 41:24
**CERTIFICATE** 49:2
**Certified** 5:18, 18:17, 31:21, 49:6
**certify** 49:7, 49:11
**chance** 36:14
**change** 8:4, 35:23
**changes** 9:11
**character** 19:4
**characteristics** 43:18
**charge** 36:18
**charged** 9:22, 13:8, 13:9, 13:24, 20:12, 21:15, 22:3, 36:1
**charges** 21:18
**charging** 2:16, 13:4, 13:12, 13:14
**check** 46:15
**chemist** 42:19, 43:3, 43:4, 43:11
**chief** 6:22, 24:19, 45:6
**Christopher** 1:13, 1:32, 5:4, 5:13
**cite** 20:10
**cited** 20:22
**civil** 2:33, 16:4
**civilian** 25:5
**claim** 20:9
**clarify** 44:20
**clear** 18:10
**CLERK** 6:2, 8:7, 46:1, 46:5
**client** 6:25, 7:4, 10:13, 10:15, 10:18, 10:24, 11:3, 14:6, 16:21, 20:1, 20:8, 23:25, 25:5, 26:14, 34:24, 35:10, 35:22, 35:23, 38:18, 39:5, 40:17, 40:23, 41:3, 45:24, 47:8
**close** 22:7
**closing** 6:22, 12:8, 13:7
**clothes** 4:5, 25:5, 25:12, 28:15
**co-conspirators** 29:12, 41:12
**coconspirator** 4:10, 29:5
**Cody** 16:4
**collision** 40:7
**color** 38:17
**Colorado** 31:11, 31:14,

31:17, 34:7
**Combined** 31:10, 31:17
**coming** 37:12, 47:21
**comment** 3:31, 3:48, 27:12, 27:25, 28:8
**commenting** 3:42
**Commission** 49:27
**commit** 35:12
**committing** 33:14
**common** 43:17
**complete** 20:4, 49:8
**completely** 40:20
**complex** 19:20
**comply** 29:10
**concern** 10:13
**concluded** 48:7
**concur** 7:25
**concurrent** 34:16
**conduct** 18:13, 22:3, 22:5, 22:10, 33:20, 33:22, 34:18, 36:3
**conducted** 3:17, 25:17
**CONFERENCE** 1:19, 5:3
**confusion** 21:12
**consider** 23:14, 26:11
**consideration** 33:16
**considering** 22:12
**consistent** 41:12, 41:14, 41:17
**consistently** 41:14
**consisting** 49:9
**conspiracies** 35:7
**conspiracy** 4:11, 9:25, 10:7, 10:24, 17:5, 17:20, 18:8, 18:20, 20:6, 21:13, 21:14, 21:16, 21:22, 24:12, 26:7, 29:6, 29:13, 29:14, 35:7, 35:20, 36:2, 36:7, 36:16, 36:18, 37:3, 37:4, 41:13
**constitute** 40:16, 41:24
**constitutional** 28:1
**contained** 46:12
**continue** 32:13
**continued** 47:23
**continuing** 18:10, 47:18
**controlled** 19:5, 31:25, 36:2, 36:7, 36:8, 36:19
**controlled substance** 17:6, 18:21, 21:16, 21:22, 24:12, 31:8, 31:10, 31:13, 31:16, 37:3, 37:5
**conversation** 41:3, 44:15
**convict** 21:8, 23:3
**convicted** 20:15, 21:9, 21:10, 24:2, 37:14
**conviction** 3:14, 17:22, 18:1, 19:15, 20:2, 23:21, 23:22, 24:17, 24:21, 24:23, 31:8, 31:12, 32:18, 32:21, 37:3
**convince** 26:14
**copies** 18:17, 31:21
**copy** 31:23, 45:5
**Correct** 27:4, 27:5, 29:19, 29:23, 32:16, 32:19, 33:2, 44:25
**corrections** 9:11
**counsel** 2:20, 4:20, 5:6, 14:6, 14:8, 14:15, 30:2, 33:6, 39:10, 49:12, 49:13
**counselor** 14:3
**Count** 9:20, 9:25, 10:5, 10:7, 18:19
**County** 31:10, 31:14, 31:17, 32:18, 32:21, 34:7
**couple** 35:7
**course** 4:10, 14:12, 29:5, 32:2
**Courtroom** 1:12
**covered** 28:24
**CRC** 49:22
**credibility** 4:21, 30:3
**criminal** 3:6, 4:31
**cross** 24:10
**cross-examine** 24:5
**CRR** 49:22
**current** 21:3, 35:12
**custody** 33:19
**customers** 19:23

**< D >**
**D.** 1:43
**DAKOTA** 1:2, 1:11, 1:38, 18:4, 18:7, 18:10, 18:12, 49:2
**Dash** 32:13
**date** 24:2, 34:14, 47:22
**date.** 40:7
**dated** 17:4, 21:20, 21:21, 34:12
**dates** 34:13
**day** 6:9, 28:20, 44:25
**deal** 36:6
**dealing** 30:17, 38:9, 38:10, 42:17, 42:25, 43:8
**deals** 28:17
**dealt** 35:5
**decide** 11:3, 40:17, 47:9
**decides** 23:25
**decision** 18:25, 40:13, 40:14
**decisions** 2:16, 13:4
**DEDULA** 49:5, 49:22
**defend** 20:3
**Defendants** 1:48, 8:2, 9:20, 9:23, 10:6, 12:9, 13:22, 27:2, 37:1, 41:21
**defense** 7:10, 27:13, 39:3
**definitive** 40:8
**denial** 21:17
**DENIED** 3:6, 3:9, 4:5, 4:27, 22:18, 22:23, 44:14
**deny** 35:24
**denying** 28:24
**describe** 41:24, 43:21
**DESCRIPTION** 2:4, 3:2, 4:2
**desk** 23:16
**detail** 43:22
**determination** 9:24, 11:6
**determine** 10:5, 10:25
**device** 38:18
**difference** 42:9
**different** 32:13, 35:15
**digested** 38:15
**dire** 8:9
**disadvantage** 21:7
**disclosure** 3:20, 3:23, 25:21, 26:1, 26:24
**discovery** 3:16, 3:26, 19:18, 20:25, 21:4, 25:17, 35:2, 38:16, 46:25, 47:2
**discussed** 26:12
**Discussion** 2:35, 2:38, 2:41, 2:44, 2:47
**distracts** 20:5
**distribute** 9:25, 17:5, 17:20, 18:11, 18:20, 18:21, 21:16, 21:22, 24:12, 26:8, 36:2, 36:8, 36:16, 36:18, 37:3, 37:4, 37:5
**distributing** 4:25, 18:9, 43:18
**distribution** 19:5, 26:13, 41:17
**District** 1:1, 1:2, 1:22, 18:4, 31:14, 49:1, 49:2, 49:5
**divided** 7:14
**DIVISION** 1:3, 18:5, 18:7, 49:3
**DOC** 17:12
**doctor** 40:4, 40:8
**document** 46:22, 47:8
**documents** 34:24
**done** 20:25, 35:18
**down** 7:9, 44:8
**drafted** 43:23
**drove** 38:19
**drug** 21:2, 26:13, 39:21, 39:22, 41:13, 41:16, 41:17
**drug-trafficking** 19:20, 40:2, 40:12, 40:16, 40:18, 41:23, 41:25
**drugs** 4:25, 26:8, 36:16
**Due** 35:18, 44:21

**during** 4:10, 10:3, 12:16, 21:1, 29:5, 29:13

**< E >**
**E.** 1:21
**earlier** 17:22
**early** 46:6
**Eighth Circuit** 33:25
**Eirinberg** 1:37, 5:10, 5:19, 7:2, 8:18, 9:3, 10:14, 10:17, 11:16, 12:3, 12:20, 13:15, 14:11, 14:20, 15:11, 15:19, 16:7, 26:5, 30:6, 30:17, 30:19, 38:22, 40:19, 42:2, 42:21, 43:5, 43:15, 43:21, 45:16, 45:22
**element** 17:16, 17:18
**eleven** 7:10, 7:12, 7:13
**Email** 46:4, 46:7, 46:8, 46:12, 49:26
**emailed** 46:3, 46:6, 46:15, 46:16, 46:20
**employee** 49:11, 49:13
**employees** 28:13
**end** 7:1, 39:10
**engaging** 33:20
**English** 5:17
**enough** 6:9, 22:7
**enter** 18:12
**entered** 21:17
**entire** 31:19, 34:15, 42:5
**entirely** 11:2, 11:3
**entitled** 5:3, 12:17
**especially** 22:8, 36:15
**estimate** 6:20, 6:21
**event** 10:23, 12:25
**events** 49:14
**everybody** 46:16, 48:3
**everything** 7:19, 39:10
**exact** 22:3
**exactly** 31:3
**examined** 40:4
**except** 29:12
**exceptions** 33:15, 33:24
**Excuse** 18:6, 19:24, 33:20
**exercising** 3:43, 28:1
**exhibit** 45:6
**exhibits** 45:5, 45:9
**existence** 26:16
**expect** 7:3, 7:7
**experience** 41:13
**expert** 2:39, 2:42, 2:45, 2:48, 30:17, 39:14, 39:17, 39:25, 41:20, 42:18, 44:7, 44:11
**Expires** 49:27
**explain** 6:6, 20:4
**extra** 47:16

**< F >**
**facing** 35:12
**fact** 13:9, 21:2, 21:8, 22:8, 35:19, 36:10, 37:18, 38:5
**facts** 18:7, 24:6, 35:4, 35:16
**far** 13:11, 15:20, 33:12
**faulty** 40:25
**Federal** 26:7, 26:9, 26:19, 29:10
**felon** 20:13, 20:15, 20:17, 23:3, 23:4, 23:12
**felonies** 37:18
**felony** 3:13, 16:17, 22:21, 23:20, 24:3, 24:11, 37:14
**fentanyl** 43:19
**file** 30:13
**filed** 11:10, 16:20, 17:12, 18:23, 30:24, 43:15
**filing** 35:18
**final** 7:15
**find** 9:25, 22:4, 22:7, 22:12, 22:13, 36:20, 38:5, 41:20
**fine** 8:7, 9:2, 9:7, 9:9
**firearm** 20:13, 20:16, 20:17, 20:20
**First** 6:8, 6:18, 10:20, 11:11, 11:12, 16:15, 17:7, 17:8, 17:10, 22:19, 23:18, 25:16, 27:10, 28:17, 29:7, 32:5, 39:14, 43:20
**five** 6:15, 8:3
**fixed** 46:24
**fluent** 5:17
**following** 18:1
**footage** 38:11
**forcing** 19:15, 20:3
**foregoing** 49:8
**forfeit** 9:22, 10:8
**forfeiture** 9:19, 10:5, 10:13, 10:19, 11:1
**form** 33:1, 38:15
**forth** 16:21
**found** 9:21, 10:7, 10:24, 37:5
**foundation** 39:19
**free** 13:6, 13:22
**Friday** 6:22, 7:8, 23:25, 39:7, 45:7
**front** 15:24
**full** 49:8
**furtherance** 4:11, 29:5, 29:13, 29:14
**future** 21:10

**< G >**
**garb** 28:19
**Garcia-hein** 1:49, 5:18, 5:25
**gave** 36:25, 37:2, 38:8, 42:16
**general** 21:17
**gentleman** 46:23
**getting** 47:2
**give** 9:8, 10:4, 27:1, 39:25, 40:15, 41:20, 41:22
**given** 17:2, 17:23, 33:17, 38:21, 39:13
**gram** 35:5, 35:6
**grams** 19:12
**grand** 26:18
**grant** 12:24, 13:25, 14:14, 16:12, 24:22
**Great** 39:12
**guess** 25:4
**guilt** 2:9, 11:22, 11:25, 39:25
**guilty** 9:21, 10:1, 10:7, 10:24, 12:9, 12:10, 17:16, 18:19, 19:6, 23:11, 40:15, 41:21, 47:9

**< H >**
**Haas-boyer** 2:42, 42:17
**hand** 6:1, 49:16
**handed** 47:8
**Hanson** 1:32, 5:12, 6:24, 7:22, 8:15, 9:1, 9:15, 10:11, 11:14, 11:23, 12:14, 12:21, 12:23, 13:5, 13:17, 13:19, 14:4, 15:8, 18:22, 23:13, 23:23, 25:1, 35:2, 38:1, 41:5, 45:14, 46:9, 46:23
**happen** 13:16, 20:1, 24:7
**happened** 20:4, 34:17, 41:3
**Hawk** 35:9
**hear** 7:19, 11:24, 17:10, 42:11
**HEARING** 1:19, 4:12, 4:26, 5:20, 5:23, 13:1, 24:25, 29:6, 29:17, 43:19, 43:22, 44:12
**hears** 21:13
**hearsay** 29:12
**held** 4:12
**helping** 6:1
**hereby** 49:7
**hereto** 49:12, 49:16
**history** 3:6, 4:32
**hold** 16:24
**HONORABLE** 1:21
**hope** 6:9
**Hopefully** 46:24
**House** 1:14

Word Index


**< I >**
**idea** 12:15
**identification** 26:17
**identified** 31:25
**identifying** 31:2
**identity** 19:10, 23:1
**illegal** 20:20
**immunized** 3:37, 27:19
**impeaching** 3:24, 26:1, 37:23
**impeachment** 16:18, 22:22, 24:18, 37:10, 37:17
**important** 35:4
**imposed** 33:17, 34:2
**inaudible** 41:1
**incarcerated** 36:9
**includes** 9:19, 31:24
**increase** 4:20, 30:2
**INDEX** 2:1
**indicted** 4:9, 29:4
**indictment** 10:9, 10:13, 18:20, 22:10, 36:4
**individual** 34:2
**inducement** 3:21, 25:22
**influence** 13:8
**inform** 30:1
**information** 3:24, 16:13, 26:2, 26:6, 26:9
**informing** 3:35, 27:18
**injury** 40:3, 40:6
**innocence** 2:9, 11:22, 12:1, 40:1
**insert** 32:2
**instance** 10:6
**instruction** 4:18, 23:13, 29:25, 30:7, 30:10, 30:14
**instructions** 6:10, 9:11, 9:12, 10:4
**insufficient** 43:24
**intend** 24:10, 29:9
**intended** 36:25
**intent** 2:35, 2:38, 2:41, 2:44, 2:47, 16:21, 17:18, 18:21, 21:18, 21:25, 22:2, 22:5, 22:6, 23:8, 24:15, 33:9, 36:12, 36:17, 37:4, 38:8
**interest** 10:8, 49:14
**Interpreter** 1:49, 5:18, 5:20, 5:23, 6:3, 7:18
**interpreters** 47:21
**interview** 40:23, 42:1
**introduce** 19:3, 20:7
**introduced** 20:14
**investigate** 39:21
**investigator** 2:19, 14:2
**involve** 19:13
**involved** 19:5, 20:6
**involves** 19:12
**issue** 9:23, 17:6, 17:8, 17:16, 20:5, 21:19, 22:2, 30:22, 41:22, 43:14
**issues** 38:11, 39:15, 41:19, 42:17, 42:25, 43:8
**Item** 26:6
**items** 10:8, 10:12, 41:10, 41:16
**itself** 41:2

**< J >**
**Jackson** 20:23
**James** 1:37, 5:10
**Jansen** 2:33, 16:4
**Jefferson** 31:10, 34:7
**Jesus** 1:15, 1:37, 5:4, 5:11, 5:16, 25:15
**Judge** 1:22, 34:23
**judgment** 18:18, 24:17, 31:20, 31:21, 31:24, 34:7, 34:8
**judgments** 18:16, 24:20, 24:23
**jurors** 6:18, 7:9, 28:16

**< K >**
**KAREN** 1:21
**kind** 13:12, 13:19, 16:19, 20:17
**knowledge** 17:19, 18:14, 19:10, 20:16, 21:18, 21:25, 22:2, 22:5, 22:7, 24:15, 30:21, 33:10, 36:12, 36:17, 39:20
**knows** 20:20

**< L >**
**lack** 18:14, 19:10, 21:25, 33:9
**laid** 31:7, 39:19
**Lance** 1:16, 1:43, 5:5, 5:14, 31:5, 32:11
**language** 30:7, 30:10, 30:14, 41:11, 41:14
**last** 8:2, 8:3, 11:24, 43:14, 46:22
**later** 8:5, 16:20, 39:7, 45:7
**Laura** 1:49, 5:18
**law enforcement** 28:2
**lead** 4:19, 30:1
**learning** 16:6
**least** 28:20, 47:11
**leave** 8:17
**leg** 4:5, 28:14, 28:21, 28:23
**less** 9:9, 35:5, 36:17
**lie** 3:37, 27:19
**light** 22:8, 36:10
**limine** 11:12, 12:12, 14:1, 16:13, 16:14, 16:25, 17:7, 22:16, 22:19, 22:20, 23:10, 23:19, 25:2, 27:10, 30:20, 43:15, 44:16
**limited** 3:13, 23:5, 23:21, 24:23, 36:13
**limiting** 4:18, 23:13, 29:25, 30:9
**line** 1:50, 5:18
**lined** 47:21
**listed** 10:8, 32:8, 44:5
**listen** 41:2, 42:3, 42:7
**little** 35:14, 43:21, 46:5, 48:3
**located** 41:16
**locked** 46:19
**logical** 40:21
**Lona** 2:42, 42:17
**long** 6:19, 25:11, 33:16
**look** 18:25, 35:14, 38:21, 39:21, 45:24, 46:4
**looking** 31:23, 32:3, 32:10, 42:11
**looks** 20:24, 34:10
**lot** 31:24
**lots** 40:25, 41:1, 42:12

**< M >**
**Main** 1:44, 19:2
**maintain** 22:8
**major** 33:6
**manufacturing** 31:9
**map** 38:17
**MARSHAL** 25:13
**marshals** 4:3, 25:11, 28:13, 28:20, 28:22
**match** 21:5
**matched** 21:3
**material** 10:21
**Matt** 46:12
**matter** 5:3, 13:4
**matters** 2:11, 12:13, 27:10
**mean** 11:3, 19:20, 20:19
**meeting** 17:17
**mentioned** 38:1
**mere** 30:1
**messages** 38:15, 41:11
**methamphetamine** 17:20, 18:9, 18:11, 19:13, 19:14, 21:17, 21:23, 31:9, 35:6, 35:11, 36:3, 41:15, 43:18
**Michael** 1:32, 5:12
**microphone** 7:18
**mind** 8:4
**minutes** 8:13, 8:25
**Miranda** 12:18
**mirror** 33:10
**miscellaneous** 27:10
**misheard** 44:24
**mistake** 18:14, 19:10, 21:25, 33:9

**modes** 4:24, 43:17
**Monday** 6:7, 44:22, 45:2, 46:11, 48:5
**MOOT** 4:6, 28:25
**morning** 6:13
**MOTIONS** 2:3, 2:4, 3:1, 3:2, 4:1, 4:2, 11:9, 16:14, 16:25, 22:16, 22:20, 23:18, 25:1, 25:14, 30:20, 44:16
**motive** 19:9, 20:10, 22:1, 22:6, 23:1, 24:5, 33:9
**moves** 14:16, 23:19
**Ms** 5:25, 6:20, 8:11, 8:24, 17:10, 23:7, 24:9, 25:18, 29:8, 31:2, 37:15, 38:3, 41:7, 45:9, 47:1
**multiple** 19:23

**< N >**
**narrow** 44:8
**near** 28:15
**need** 8:7, 11:7, 13:1, 24:24, 25:7, 28:19, 29:16, 30:10, 30:13, 39:2, 42:6, 42:13, 43:22, 44:12
**needed** 11:4
**negligent** 40:9, 40:14
**negotiations** 2:30, 15:16, 15:22
**new** 36:18
**Next** 11:10, 16:14, 25:14, 30:22
**Ninth** 1:29
**No.** 1:7, 12:2, 15:3, 25:10, 38:12
**None** 12:4
**noon** 6:22, 45:7
**nor** 49:12, 49:13
**North** 1:38, 1:44
**Notary** 49:7
**note** 5:6, 17:15, 18:3, 18:7, 33:15
**nothing** 15:3, 16:5, 19:11, 19:19, 26:20, 44:13
**notice** 2:35, 2:38, 2:41, 2:44, 2:47, 16:21, 17:2, 17:3, 27:1, 30:24, 31:7, 32:11, 36:25, 37:2, 38:8, 39:13, 41:10, 42:16
**noticed** 31:6
**now.** 23:4
**nullification** 2:26, 15:7
**Number** 11:9, 13:3, 14:2, 14:16, 14:25, 15:6, 15:15, 16:3, 17:12, 23:19, 26:6, 27:17, 27:24, 28:7, 28:13, 29:1, 29:2, 29:3, 29:21, 29:25, 31:11, 31:15, 31:18, 32:8, 32:9, 32:13, 34:10, 34:25, 37:21, 39:13
**numbers** 45:7
**numerous** 31:5, 33:24

**< O >**
**oath** 6:2
**object** 10:18, 29:22, 39:23, 40:10
**objections** 9:14, 9:16, 9:18, 37:12, 39:15
**obtained** 38:16
**Obviously** 12:7
**occasion** 26:17
**occurred** 36:4
**offense** 33:14, 34:5, 34:18, 35:12, 36:3
**offenses** 9:21, 31:24
**offer** 2:36, 2:39, 2:42, 2:45, 2:48, 24:20, 36:25, 37:8, 37:15, 38:8
**offered** 24:25, 29:18, 37:9
**offering** 17:3, 18:15, 22:17, 27:3, 29:11, 31:3, 31:19, 32:5, 32:24, 36:5, 41:10
**Office** 1:27, 13:13, 25:12, 42:2, 42:6, 46:1, 46:20
**Official** 49:5
**Okay** 6:6, 7:7, 8:1, 11:8, 23:17, 29:16, 30:15, 33:1, 34:20, 37:20, 44:14, 47:19, 48:1
**old** 35:8, 36:6, 36:12
**older** 44:21
**Omosun** 2:45, 43:1
**Once** 23:4, 34:16
**one** 7:10, 8:3, 11:12, 11:21, 17:3, 17:4, 17:21, 21:20, 21:21, 22:24, 25:16, 27:10, 30:16, 31:22, 32:5, 35:5, 39:1, 39:14, 45:4
**one-time** 19:12, 19:21
**ones** 24:8, 32:5
**open** 5:1
**opening** 6:11, 8:23, 12:8
**operation** 4:25, 43:17
**opinion** 2:8, 4:23, 11:21, 11:25, 39:25, 40:6, 40:11, 40:15, 41:6, 41:9, 41:20, 41:21, 41:22, 43:16
**opportunity** 19:9, 20:10, 22:1, 22:6, 33:9, 39:4
**opposing** 33:6, 39:10
**oral** 23:9
**order** 16:15, 25:6, 28:7, 28:17, 28:22, 28:24, 43:15
**organization** 19:21, 40:2, 40:16, 40:18, 41:23, 41:25
**organization.** 40:12
**original** 41:2, 42:3, 42:11
**others** 8:17
**Otherwise** 9:5, 13:17, 41:6
**outcome** 49:14
**outside** 4:12, 4:26, 13:1, 24:25, 29:6, 29:17, 43:19
**outweighed** 19:25, 36:22
**outweighs** 22:14
**Overall** 17:14
**overlook** 21:7
**own** 7:16, 7:20, 7:23, 27:13

**< P >**
**PAGE** 2:4, 3:2, 4:2, 26:6, 32:14, 32:17, 32:20, 34:7, 34:10
**pages** 32:15, 32:17, 49:9
**Paige** 1:28, 5:8
**paraphernalia** 41:16
**parole** 33:19, 34:3, 34:4, 36:10
**part** 7:4, 11:7, 11:24, 21:13, 34:7, 36:17, 40:17
**parties** 49:12
**parts** 36:9, 42:12
**passed** 34:1
**passing** 8:8
**password** 46:21
**past** 3:5, 3:12, 4:31, 16:17, 16:21, 19:5, 20:20, 21:9, 21:13, 22:21, 22:25, 23:3, 23:20, 24:4, 24:8, 38:13
**patient** 40:5
**pattern** 18:10, 18:13, 22:5
**penalty** 2:5, 11:12
**people** 13:24, 38:15, 46:14
**per** 9:8
**period** 17:25, 36:10
**permit** 2:19
**permitted** 18:12
**person** 19:4, 20:8, 26:14, 43:24
**personal** 40:3
**Petersen** 1:28, 5:8, 6:20, 8:11, 8:24, 17:10, 23:7, 24:9, 25:18, 29:8, 31:2,

37:15, 38:3, 41:7, 45:9, 47:1
**phase** 10:9, 10:25
**Phillips** 49:23
**Phone** 38:14, 49:25
**place** 19:16, 19:19, 21:2, 21:3, 33:21, 40:1, 40:11, 41:13
**placed** 21:18, 22:9, 33:19, 34:2
**Plain** 19:2, 20:6
**PLAINTIFF** 1:9, 1:27, 2:5, 2:8, 2:11, 2:15, 2:19, 2:22, 2:25, 2:29, 2:32, 2:35, 2:38, 2:41, 2:44, 2:47
**plan** 14:5, 16:5, 16:10, 19:10, 20:10, 23:1, 24:20, 35:24
**planning** 15:9
**Plea** 2:29, 15:15, 15:22, 17:16
**plead** 47:9
**pleading** 18:19
**please** 5:6, 6:1
**point** 6:5, 8:5, 13:2, 22:24, 35:23, 39:22
**pole** 38:10
**pop** 12:15
**pops** 15:4
**position** 19:2, 35:16, 40:21
**possess** 18:21, 20:17, 37:4
**possessed** 20:20
**possession** 20:13, 20:15, 31:8, 31:12, 31:16, 35:5, 35:8, 35:11, 36:7, 36:11
**possessions** 35:20
**post-conviction** 34:25
**potential** 40:22
**pounds** 19:13
**power** 2:26, 15:7
**preclude** 2:5, 2:8, 2:11, 2:15, 2:25, 2:29, 2:32, 3:8, 3:11, 3:29, 3:34, 3:40, 3:46, 11:12, 11:21, 11:25, 12:12, 13:3, 14:25, 15:6, 15:15, 15:21, 16:3, 17:1, 22:17, 22:20, 23:19, 27:11, 27:17, 27:24
**precluding** 28:7
**prefer** 7:16, 7:20, 9:4
**prejudice** 19:25, 22:14, 36:15, 36:22
**prejudiced** 20:2
**preliminary** 6:10, 8:9, 9:10, 9:12
**preparation** 19:9, 20:10, 23:1, 24:4
**prepared** 11:7
**presence** 4:12, 4:26, 13:1, 24:25, 28:15, 29:7, 29:17, 43:20
**Present** 1:48, 5:12, 10:2
**presented** 10:3
**preserved** 10:19, 10:21
**presume** 46:22
**PRETRIAL** 1:19, 2:12, 5:3, 12:13
**pretty** 36:13
**previous** 21:1
**previously** 3:43, 20:15, 28:1
**primarily** 17:11, 22:6, 24:16
**prior** 17:3, 17:14, 17:20, 19:11, 20:3, 21:5, 21:20, 21:21, 22:2, 23:11, 24:11, 30:25, 31:5, 31:8, 33:11, 36:5, 36:14, 36:23, 37:2, 37:18, 37:21, 37:24, 38:1, 38:6
**prison** 4:5, 17:24, 17:25, 28:15, 28:19, 33:18, 33:22, 34:1
**probably** 46:6
**probative** 19:24, 22:4, 22:8, 22:14, 36:13, 36:21
**problem** 25:4, 40:22, 46:18
**problems** 40:25
**Proceedings** 5:1, 48:7
**Professional** 49:6
**proffer** 46:12, 46:23
**prohibit** 3:3, 4:3, 4:8, 4:23, 4:29, 14:2, 28:13, 29:3, 43:16
**prohibited** 20:8
**prohibiting** 16:16
**prohibits** 19:7
**propensity** 35:12
**proper** 13:25
**property** 10:22
**proponent** 17:9
**propose** 23:13, 30:6, 30:10
**proposed** 9:10, 30:13, 39:16, 44:11
**prosecution** 3:4, 4:29, 4:30, 16:16
**prove** 19:4, 22:5, 22:6
**provide** 39:2, 45:5
**Public** 49:7
**punishment** 2:6, 11:13
**Purcel** 2:39
**Purcell** 39:14, 39:16, 40:23, 41:8, 41:19, 44:1, 44:3, 44:11, 44:15
**purely** 26:13
**purpose** 23:6
**purposes** 16:18, 22:22, 24:18, 37:17, 47:7
**put** 15:24, 16:21, 17:15, 17:24, 19:16, 24:16, 25:3, 38:15, 38:17, 47:11
**putting** 17:16, 21:6

**< Q >**
**qualifications** 41:19
**question** 26:5, 34:6, 40:9
**questioned** 28:2
**questioning** 3:12, 23:20
**questionnaires** 45:25
**questions** 8:9, 8:10
**quite** 20:19

**< R >**
**R.** 3:17, 3:21, 3:24, 3:27, 3:30, 3:35, 3:41, 3:47, 4:4, 4:9, 4:16, 4:19, 4:24
**raise** 6:1, 30:20
**raised** 2:12, 12:13, 37:11
**Rapid City** 1:30
**rather** 41:2
**reach** 17:6
**read** 6:10, 20:23, 30:14
**Realtime** 49:6
**rear-end** 40:7
**reason** 3:37, 19:2, 27:19, 32:12, 34:23, 47:22
**reasonableness** 35:15
**reasons** 22:22, 33:23
**received** 19:18, 21:4, 40:24
**recently** 47:8
**RECIPROCAL** 2:23, 4:16
**recognize** 34:13
**reconsider** 13:2
**record** 5:7, 34:15
**records** 38:9, 38:10, 40:5
**redacted** 33:1
**redactions** 32:2
**reference** 2:5, 2:8, 2:11, 2:15, 2:32, 3:5, 4:31, 11:12, 11:21, 12:12, 13:3, 16:3, 16:17, 22:20
**referring** 37:18
**regard** 7:12, 9:24, 15:2, 36:18, 37:2, 37:11, 42:1, 45:4
**Regarding** 17:13, 25:7, 27:3, 27:10, 27:25, 28:21, 30:23, 32:11, 34:6, 39:15, 39:16, 41:19, 42:17
**regards** 33:9
**Registered** 49:6

**reiterate** 33:8
**reject** 47:10
**related** 19:17, 19:20, 26:13
**relating** 2:26, 15:1, 15:7
**relation** 26:7, 26:9, 26:19
**relative** 4:25, 41:5, 43:18, 49:11, 49:12
**released** 33:19
**relevant** 16:13, 22:4, 24:24
**relief** 34:25
**relitigating** 24:8
**rely** 10:3, 17:12, 18:24
**remain** 3:43, 8:3, 28:2
**remember** 46:11
**remote** 31:1, 33:7, 33:12, 33:24, 35:9
**remoteness** 35:19
**Reporter** 49:2, 49:6, 49:7
**reports** 19:18
**request** 14:7, 14:14, 47:11
**requested** 47:9
**requesting** 8:12, 9:12
**required** 2:12, 12:13
**research** 3:17, 25:17
**reset** 46:21
**responded** 30:25
**rest** 8:17
**restraints** 4:5, 28:14, 28:21, 28:23
**resubmitted** 9:23
**result** 21:18
**rethink** 15:3
**returned** 10:1
**review** 34:15, 39:4
**reviewed** 40:5
**roads** 38:17
**robbery** 26:7, 26:9, 26:19
**Room** 1:29
**route** 38:19
**RPR** 49:22
**Rule** 2:36, 18:25, 21:24, 24:14, 25:8, 37:1, 38:9
**Rules** 29:10
**run** 15:10, 34:16

**< S >**
**S.** 13:13, 25:13, 46:20, 49:23
**Salamo** 9:14
**Salamo-roche** 1:15, 1:37, 1:48, 3:42, 4:4, 5:4, 5:11, 5:17, 6:4, 25:15, 27:2, 28:1
**sale** 19:12, 19:21
**Samantha** 2:48, 43:8
**saw** 12:16
**saying** 32:7, 32:9
**says** 43:15, 44:7
**scheduled** 5:2, 6:7
**SCHREIER** 1:21
**SD** 1:30, 1:34, 1:40, 1:46, 49:24
**SDSU** 6:14
**seat** 7:9
**seated** 7:17
**second** 10:9, 10:25, 11:21, 16:24, 16:25, 18:1, 22:16, 26:6
**sections** 41:1
**seeking** 43:15
**seems** 26:13
**seen** 38:13, 44:4, 44:10
**selection** 6:8, 6:18
**send** 9:10, 10:4, 46:21
**sense** 13:23
**sent** 10:21, 46:22, 46:25
**sentence** 17:24, 17:25, 33:16, 33:17, 33:18, 34:1, 34:2
**sentenced** 34:16
**separately** 30:18
**sequester** 2:22, 4:15, 14:16, 29:21
**set** 17:7, 22:16, 22:19, 23:18, 47:16, 47:20, 49:16
**seven** 7:11
**severe** 21:6
**share** 7:15, 8:2, 8:3
**sheet** 8:8
**shouldn't** 26:12
**show** 17:18, 17:21, 18:13, 19:4, 19:9, 19:16, 19:17, 20:7, 20:18, 21:1, 21:24, 23:1, 24:4, 24:15, 35:10, 35:17, 36:12, 38:17, 38:18
**shows** 36:17, 38:18
**side** 9:8, 45:6
**sides** 6:12, 8:8, 8:10, 10:2, 45:5
**Sierakowski** 2:49, 43:9
**significant** 22:4, 33:18, 36:9, 41:19
**silent** 3:44, 28:2
**similar** 29:22, 35:17
**simple** 19:2, 20:6, 20:19
**Sioux Falls** 1:11, 1:34, 1:40, 1:46, 49:24
**sit** 2:19, 14:3, 14:8, 14:15
**sits** 14:10
**sitting** 4:20, 14:6, 23:16, 30:2
**situation** 20:18
**situations** 21:2
**small** 19:22
**soliciting** 4:23, 43:16
**somebody** 23:11
**someone** 13:7, 14:5, 19:13, 19:14, 44:2
**Sonny** 1:43, 5:14
**Sorry** 5:21, 18:6, 30:8
**sort** 12:19, 34:3, 41:16
**sounds** 24:19, 39:1
**SOUTH** 1:2, 1:11, 18:4, 18:7, 18:10, 18:11, 49:2
**SOUTHERN** 1:3, 49:3
**Spanish** 1:49
**Specifically** 17:18, 17:19, 31:6, 34:1
**Spider** 1:13, 1:32, 1:48, 3:4, 3:9, 3:12, 5:4, 5:13, 16:14, 17:14, 17:15, 18:8, 18:19, 19:4, 19:16, 21:6, 23:2, 24:11, 33:8, 35:6, 37:2, 37:11
**spite** 13:14
**spoke** 46:23
**SS** 49:2
**stand** 3:32, 3:49, 24:1, 27:13, 28:9
**standing** 25:6, 25:8, 28:17, 28:22, 28:24
**start** 6:7, 6:11, 31:2, 44:22
**started** 44:21
**starting** 36:4
**starts** 22:10, 45:8
**state** 12:10, 16:20, 18:18, 35:18, 35:25
**stated** 35:2, 41:9, 47:22
**statement** 4:9, 8:23, 29:4
**statements** 6:12, 12:8, 29:11
**stay** 7:17
**Street** 1:29, 1:33
**strike** 7:9
**strikes** 7:10, 7:12, 7:14, 7:21
**students** 6:14, 6:15, 6:16
**stuff** 35:10
**substances** 19:6, 31:25, 36:3, 36:7, 36:8, 36:19
**sudden** 12:19
**sufficient** 8:13
**Suite** 1:33, 1:39, 1:45
**summaries** 39:2
**summary** 38:14
**supervised release** 17:24, 22:9, 34:3
**suppose** 8:17
**suppression** 12:18
**surprise** 12:19
**sworn** 6:3

**< T >**
**table** 2:20, 4:20, 14:3,

## Word Index


14:6, 14:8, 14:15, 30:2
**talked** 35:9
**tape** 40:25, 41:2, 42:1, 42:9, 42:11
**taped** 40:24
**ten** 6:15
**test** 35:13, 35:15
**testified** 13:8, 26:18
**testifies** 6:25, 35:22, 37:9, 37:13, 37:16, 39:20, 40:4
**testify** 12:10, 23:25, 37:1, 37:22
**testifying** 35:24
**TESTIMONY** 4:24, 13:9, 13:23, 21:1, 23:21, 24:3, 27:20, 30:17, 39:17, 41:10, 43:16, 44:11, 44:15, 49:16
**text** 41:11
**they've** 10:1
**third** 12:12
**Thomas** 46:12
**three** 7:13, 7:14, 8:1, 8:16, 32:23, 36:5
**throughout** 18:11
**thrown** 20:3
**ties** 16:19, 16:25
**TIPS** 1:50, 5:18
**today** 39:11, 44:21, 45:21, 47:14
**together** 34:16
**Tolulope** 2:45, 42:25
**took** 13:20, 19:16, 19:19, 21:2, 21:3, 40:1, 40:11
**top** 34:9
**tracker** 38:10
**tracking** 38:18
**training** 41:12
**TRANSCRIPT** 1:19, 49:8
**treated** 40:5
**trial** 6:7, 7:3, 7:4, 10:3, 10:9, 10:24, 11:7, 12:16, 15:4, 17:17, 21:1, 23:25, 28:20, 39:3, 39:8, 40:23, 44:22, 45:8, 45:24, 47:10, 47:16, 47:18, 47:22
**tribunal** 26:18
**tried** 47:12
**Trooper** 2:32, 16:3
**true** 24:2, 49:8
**try** 6:5
**trying** 20:18, 44:8
**Tuesday** 6:11, 6:13, 46:11, 46:17
**turned** 39:10
**two** 7:15, 8:2, 17:3, 17:14, 17:20, 21:20, 24:11, 27:2, 33:21, 35:7, 37:18
**type** 15:20, 18:2, 33:22

**< U >**
**ultimate** 40:13, 41:6, 41:9, 41:22
**underlying** 35:3
**understand** 6:5, 17:21, 33:6, 33:12, 35:13, 35:22, 38:13, 42:12
**understanding** 5:16, 6:14, 10:16, 32:4, 35:4
**unfair** 19:25, 22:14, 36:15, 36:22
**unfairly** 20:2
**uniform** 28:15
**unindicted** 4:10, 29:4
**unique** 20:18
**United States** 1:1, 1:7, 1:22, 1:27, 5:3, 20:11, 20:23, 36:1, 42:16, 49:1, 49:5
**Unless** 4:12, 6:25, 12:18, 16:18, 19:17, 22:21, 29:6
**Unlike** 35:6
**unlock** 46:21
**USAFX** 46:19
**using** 37:16, 41:14

**< V >**
**v.** 5:4, 20:11, 20:23
**value** 19:25, 22:4, 22:8, 22:14, 36:13, 36:21
**vehicle** 38:10
**verdict** 10:1
**via** 1:49
**viewed** 13:11
**vindictive** 13:12
**voir** 8:9
**vs-** 1:11

**< W >**
**W.** 1:32, 1:33
**waiving** 10:19
**Walter** 1:43, 5:14, 7:5, 7:24, 8:20, 9:6, 9:17, 11:18, 12:5, 12:22, 13:18, 14:22, 15:25, 16:9, 34:21, 37:22, 38:24, 41:4, 42:23, 44:16, 45:17, 46:13
**wanted** 6:16, 10:5, 30:20, 44:18, 44:20, 45:21
**wants** 19:3, 20:7, 42:2
**waste** 20:5
**wear** 4:4, 25:5, 28:14, 28:18
**week** 46:12, 48:4
**whatever** 8:6, 30:6, 39:2, 46:19
**WHEREOF** 49:16
**whether** 3:31, 3:48, 17:6, 24:11, 27:12, 28:8, 40:1, 40:17, 41:21, 41:23, 42:10, 47:9, 47:15
**wild** 15:10
**Will** 6:2, 6:9, 6:11, 6:14, 6:15, 6:16, 6:19, 7:9, 8:22, 10:25, 13:16, 29:11, 39:6, 41:8, 42:3, 46:24, 47:3, 48:5
**willing** 10:6, 32:2
**wiretap** 41:11
**with.** 41:14
**within** 17:12, 25:8, 31:7, 33:24, 41:11
**without** 4:25, 9:22, 43:19
**witness** 2:39, 2:42, 2:45, 2:48, 3:20, 3:32, 3:36, 3:41, 3:49, 13:23, 25:21, 26:17, 27:18, 27:19, 27:25, 28:8, 39:17, 42:18, 44:7, 44:9, 44:11
**witnesses** 2:22, 3:4, 3:30, 3:47, 4:15, 4:24, 4:30, 14:17, 16:16, 27:11, 29:21, 39:14, 39:25, 43:17, 47:21
**work** 46:24
**written** 26:23

**< Y >**
**years** 33:13, 33:21, 35:8, 35:13, 35:14, 36:6, 36:12
**Yep** 46:3